MARCELLUS O. MARKHAM, plaintiff in error, *vs.* CALVIN W. HUNNICUTT, defendant in error.

(LOCHRANE, Chief Justice, having been of counsel below, did not preside.)

On the trial of an equity cause, the jury found the following special verdict: "We, the jury, find that Marcellus O. Markham was present at the sale made by George W. Adair, auctioneer, of the property of Holmes Sells, on the 13th of September, 1866, at which Calvin W. Hunnicutt became the purchaser of the lot described in exhibit C., attached to the written and foregoing bill, and that said M. O. Markham was then and there present and assenting to said sale.". On this special verdict the presiding Judge entered a decree that the defendant be estopped from enforcing his mortgage lien upon the lot purchased by the complainant, and perpetually enjoining him from doing so :

*Held,* That this was error, in view of the facts disclosed in the record.

Estoppel.     Decrees.     Before Judge HOPKINS.     Fulton Superior Court.     April Term, 1871.

Hunnicutt's bill against Marcellus O. Markham, averred as follows: On the 19th of July, 1866, Markham's father sold one Sells certain land in Atlanta, on credit, for $10,000, for which Sells gave his two notes for $5,000 00, each, payable to M. O. Markham, and secured by mortgage on the land. Sells paid the first note by a resale of half the lot to M. O. Markham, and the lien on that half was extinguished. In September, 1866, Sells sub-divided the other half into four parts, and sold them at public outcry to the highest bidder, it being previously agreed by Sells that M. O. Markham should have the proceeds on his mortgage. Hunnicutt bought one of them at $1,457 00, and took a deed from Sells. Sells had his agent at said sale and proclaimed that the title was good, and that the property was unincumbered by liens or otherwise. M. O. Markham was present and heard this announcement, knew that Hunnicutt was bidding supposing the land was free from any incumbrance, but did not make known the fact that he held such mortgage. One of M. O. Markham's kinsmen bought another of said lots at

said sale, and without Hunnicutt's knowledge or consent, M. O. Markham released that lot from his mortgage. Sells did not pay any of the proceeds of said sale to M. O. Markham, nor did this kinsman pay M. O. Markham any part of his bid; had they paid the same to M. O. Markham, the mortgage would have been paid off. Yet M. O. Markham has foreclosed his mortgage and is about to sell Hunnicutt's land under his mortgage *fi. fa.* Hunnicutt contended that the facts estop M. O. Markham from selling this lot, and prayed for injunction. M. O. Markham answered, that his father gave him the proceeds of the sale to Sells, he took the mortgage and had it duly recorded within a day or two from its date. He admitted the payment of the first note by re-sale, said Sells had improved the property, and in this resale he gave Sells his note for $3,000 00, which was subsequently transferred. He admitted releasing the lot bid off by his kinsman, but said it was in consideration of his kinsman paying his bid on said $3,000 00 note. He relied upon the record of his mortgage, and denied doing or saying anything to lead Hunnicutt to suppose he had no lien on the lot, and said that he heard no such proclamation as stated in the bill, and said none such was made. Besides, he said his father, at the sale, told Hunnicutt of said mortgage, and Hunnicutt paid after said notice. He admitted that Sells had been asked by him to pay him part or all of the proceeds on said mortgage, but said this was a private request, unknown to Hunnicutt, until he mentioned it after the sale, to Hunnicutt.

At the trial it was shown that M. O. Markham was present at the sale and made no objection to it, that his mortgage was duly recorded as stated, that Hunnicutt paid part cash and gave his note for balance of his bid, which note Sells transferred ten days after he got it and eighty days before it was due.

Sells testified that the proceeds of the lot bought by Markham's kinsman, was to be credited upon the mortgage note of $5,000 00, and that another small credit was to be placed

in it for certain lumber. Hunnicutt testified that the auctioneer said the claim of titles was perfect, and if any doubt was had on that subject, Markham's father, who was perfectly good, would warrant the title; that after he had bid nearly the value of the property, M. O. Markham said to him that it was good property and worth more than was being bid for it. He went on to its full value, never hearing of any mortgage or lien, and supposing it was unincumbered. He paid all the purchase-money the day after the sale, except the last third, for which he gave his note. When M. O. Markham told him of the mortgage, this note had been transferred.

Adair, the auctioner, swore that he said nothing about any incumbrances, because he knew of none and thought of none; that he spoke only of the chain of title, and of the fact that some of the deeds were made during the war, and assured purchasers that the chain of titles was correct.

M. O. Markham testified substantially as he had answered His father testified that he told Hunnicutt of the mortgage after he paid part, but before he paid the last payment. One Alexander testified that the auctioneer did say the property was unincumbered and the title good. One Thrasher testified that, while he did not hear Adair say the property was unincumbered, he spoke of the title as being perfect, and made the impression on him that there was nothing in the way of bidders getting a good clear title.

Defendant's counsel requested the Court to charge the jury: "1st. Recording a mortgage is giving notice of the mortgage; and the holder of the mortgage, unless he has been guilty of actual fraud, can enforce it against all purchasers of the property after the record is made, although the purchasers may buy without actual notice of the lien. 2d. Markham was not bound to give notice of his mortgage unless he heard the announcement that there was no lien or incumbrance on the land. 3d. The bare fact that Markham was present at the sale and failed to give notice of a re-

corded mortgage was not such a fraud as to estop him from enforcing his mortgage.   4th. If Markham was at the sale, but not at the consummation of the purchase, then he was not present at the *sale*, so as to require him to give notice of his lien on the land.   5th. The rule which requires the owner of property who sees another assuming to sell it to a third party, to give notice of his title to the purchaser, does not apply to the case where a mortagee whose mortgage is recorded sees the owner of the lien offering the property at auction."

He refused so to charge, but charged:   "If Adair, as Sells' agent, announced that the title was clear, good and perfect, and defendant, Markham, was present when the announcement was made, and complainant bid on the property, and became the purchaser at that sale, with the understanding that the title was clear, good and perfect, and Markham heard the announcement of Adair and did not correct the impression made by it, and did not make known the existence of his lien, he is prevented from setting up his mortgage lien against the purchaser.   I do not mean by this that the defendant, Markham, should have done any particular act.   If the circumstances were such as called upon him to make known his lien, if he knew that complainant was purchasing with the impression produced by Adair's announcement, and he encouraged or countenanced the sale, or remained silent and failed to give notice or make known his lien, he cannot be heard to set it up against complainant.   The question is whether such an impression was made upon the minds of the purchasers, and whether the defendant, Markham, by any act or by his silence, upon a reasonable construction, gave countenance to the sale or assented to the sale.   If so, that would estop him.   You will pass upon these acts and find whether they exist or not.   If satisfied they do not exist, or that the defendant, Markham, was not present at the sale, or did not encourage and give countenance to it, or did not stand by when such announcement was made, if made, and

such impression was not made upon complainant who was a purchaser, you will then pass to the second branch of the case and find whether the charge has been satisfied or not," etc.

The verdict was as follows: "We, the jury, find that Marcellus O. Markham was present at the sale made by George W. Adair, auctioneer, of the property of Holmes Sells, on the 13th of September, 1866, at which Calvin W. Hunnicutt became the purchaser of the lot described in Exhibit C, attached to the within and foregoing bill, and that said M. O. Markham was then and there present, assenting to sale." And thereupon the Court decreed that Markham's mortgage *fi. fa.* be perpetually enjoined as to that lot: . . . .

Defendant's counsel moved for a new trial; upon the grounds that the verdict was contrary to law and against the evidence, etc., that the Court erred in refusing to charge as requested, and in charging as he did; and in decreeing an injunction on said verdict. A new trial was refused; and error is assigned on each of said grounds. .

Pope & Brown, for plaintiff in error. Estoppels not favored: Revised Code, section 3700; 11 Georgia Report 271. To make estoppel *in pais* three things must concur: Party must *make* statements or admissions, or *do* acts: 13 Georgia Report, 492, and cases cited; 20th, 600; 1 Selden, N. Y., 401; 3 Hill, 222; 5 Denio, 157; 6 A. & El.; 469; 14 Cal., 280; 2 Vern., 554; 1 Pierre W., 394; 19 Wend., 563; 19 Ala., 121; 9 Mich., 131; 4 Jones Eq., 54, 32; Me., 305; 18 Conn., 138; 28 Me., 525. 2d. Silence not sufficient: 31 Penn. St., 334; 16th, 364; 7 Watts, 233; 3d, 249; Rawls, 89; 6 Cush., 215. There must be intention to deceive or gross negligence: 17 Georgia Reports, 449; 5 Denio, 157: 8 Wend., 483; 3 Hill, 222; 25 Conn., 118; 21st, 451; 29th, 107; 8 Barb., 102; 31 Penn. St., 331; 17 Vt., 449; 43 Me., 192; 18 Conn., 444; 41 N. H., 465; 3 Strob., 367; 28 M. E., 525. And purchaser must be *there-*

*by* defrauded : 29 Georgia Reports, 312 ; 17th, 449, 515 ; 1 Selden, 401 ; 3 Hill, 222, 225 ; 5 Denio, 157 ; 8 Barb., 102 ; 21 Conn., 451 ; 25th, 118 ; 14 Cal., 280 ; 43 Me., 192 ; 3 Strob., 367 ; 28 Me., 525. And purchaser must have had no means of learning the existence of mortgage : 14 Cal., 280 ; 16 Penn. St., 363, 364 ; 31 Penn. St., 331 ; 17 S. & R., 383 ; 3 Watts, 240 ; 7th, 401 ; 20 Pick, 193 ; 17 Md., 212 ; 1 Gill, 502 ; 12 B. Munroe, 259 ; 43 Me., 192 ; 32d, 305 ; 3 Story, 183. Bidders are bound by record of mortgage, and Markham had right to presume they knew it : 27 Georgia Reports, 205 ; 16 Penn. St., 364 ; 31st, 335 ; 8 Peters, 30 ; 1 Hilliard on M., (3d—Ed.) 308, 641, 642 ; 7 Gill, 354 ; 9 N. H., 337 ; 9 Vt., 372 ; 5 Humph., 20 ; Story's Eq., section 403 ; 2 Black., 372, 389 ; 2 John's R., 509 ; John Ch. R., 297 ; 2 Cow., 246 ; 4 John. R., 216, 221. Injury must be by *false* statements : 17 Georgia Reports, 452 ; 3 Hill, 222 ; 31 Penn. St., 331 ; 14 Cal., 280. Burden on Hunnicutt : 29 Georgia Reports, 312 ; 3 Hill, N. Y., 226 ; 31 Penn. St., 335 ; 10 Barb., 531 ; 7 Gill, 354. Land passes by writing : Revised Code, section 1940 ; 27 Georgia Reports, 187 ; 18th, 353 ; 9 Ind. L. R., 163 ; 25 Me., 325, 326. No constructive fraud when purchaser had constructive notice : 2 John R., 509 ; 7 Gill, 354. No confidence reposed : Revised Code, section 3116. Decree too broad for verdict : 6 Ch. R., 273 ; 11 Wheat. R., 415 ; 4 How., 147 ; 8th, 485 ; 18th, 60 ; 10 Bacon abr., 327 ; 2 John, 210 ; 4th, 213.

Collier & Hoyt ; P. L. Mynatt, for defendant. Estoppel : R. Code, secs. 2592, 2593, 2915, 3037, 3116, 3118 ; 7 How., 172 ; 9th Ga. R., 23 ; 15th, 557 ; 6th John. Ch., 417 ; 1 Foublanque's Eq., 161 ; Story on agency, sec. 91 ; 2d Vern., 150, 239, 370 ; 3 Am. L. T., 326 ; 16th Ga. R., 593 ; 26th, 416 ; 32d, 58. All present bound by what auctioneer says : 20th Ga. R., 588.

Markham *vs.* Hunnicutt.

WARNER, Judge.

This was a bill filed by the complainant against the defendant, praying for an injunction to restrain the defendant from selling a certain described city lot, it the city of Atlanta, by virtue of a mortgage *fi. fa.* in favor of the defendant, as mortgagee, against one Holmes Sells. It appears from the evidence in the record, that Sells executed a mortgage to the defendant, for the lot in controversy, on the 19th day of July, 1866, which was duly recorded on the 20th day of July, 1866; that afterwards, an agreement was entered into between the defendant and Sells, the mortgagor, that the lot should be sold by Sells and the proceeds of the sale be applied to the payment of the defendant's mortgage debt; that on or about the 21st day of March, 1867, the lot was sold by Sells, at public auction, by his agent, Adair, and purchased by the complainant, Hunnicutt, for the sum of $1,457 00, Sells making him a deed to the lot as such purchaser. The complainant alleges that he had no actual notice of the defendant's mortgage, that the defendant was present at the sale of the lot, when it was announced by the auctioneer that the title to the lot was good, and the purchaser thereof would obtain a clear title, etc., that when the complainant had bid for the lot nearly its full value, the defendant said to him that it was good property and worth more than was being bid for it, the complainant continued to bid for the lot until it was knocked off to him as the purchaser thereof, the defendant gave no notice of his mortgage lien, nor said anything about his having a lien on the lot. It was insisted on the trial, that the presence of the defendant at the sale of the lot, his silence in regard to his mortgage lien on the property, and his encouraging the complainant to bid for it, by saying to him that it was good property and worth more than was being bid for it, when taken in connection with the fact that the property was being sold by the consent of the defendant, as mortgagee, and the proceeds of the sale were to be applied in payment of his mortgage debt, was such a fraud upon the

complainant, as a purchaser at the sale of the lot, as will now estop the defendant from setting up and enforcing his mortgage lien against the property. On the trial, the jury returned the following special verdict: "We, the jury, find that Marcellus O. Markham was present at the sale made by George W. Adair, auctioneer, of the property of Holmes Sells, on the 13th of September, 1866, at which Calvin W. Hunnicutt became the purchaser of the lot described in exhibit C, attached to the within and foregoing bill, and that said M. O. Markham was then and there present and assenting to said sale." On this special verdict, the presiding Judge entered a decree that the defendant be estopped from enforcing his mortgage lien upon the lot purchased by the complainant, and perpetually enjoining him from doing so. The defendant made a motion to set aside the verdict and decree, and for a new trial, which was overruled by the Court, and the defendant excepted. It is true, that the jury in equity causes, may find a special verdict decreeing the performance of a specific duty by the defendant, and when that decree is found by the jury, upon the facts ascertained by them, it is made the judgment of the Court, when approved and signed by the presiding Judge as Chancellor, and entered on the minutes of the Court. Under our system of equity practice, where any question of fact is involved, the same shall be decided by a special jury: Code, 4147. In this case, the question of fact involved was, whether the conduct of the defendant at the time of the sale of the lot, was such a fraud upon the complainant, as would, according to the principles of justice and equity, estop the defendant from enforcing his mortgage lien against the property, and whether, under the evidence in the case, he should be perpetually enjoined from doing so? That was a question for the jury to decide, and if the jury had found a special verdict that the defendant should be perpetually enjoined from enforcing his mortgage lien against the lot purchased by the complainant, the legal presumption then would have been,

Markham *vs.* Hunnicutt.

that the conduct of the defendant at the sale of the property, was a fraud on the complainant, otherwise they would not have found a verdict in favor of a perpetual injunction. But the jury have not, by their verdict, found and decreed that the defendant should be perpetually enjoined from enforcing his mortgage lien against the property, which it was their duty to have done, if they believed, from the evidence, that the conduct of the defendant, at the time of the sale, was a fraud upon the complainant. All that the jury have found by their verdict is, that the defendant was present at the sale, and that he was then and there present and assenting to said sale. Whether these facts were or were not sufficient, in the opinion of the jury, to establish fraud on the part of the defendant, the verdict is silent. The legal presumption is, that, inasmuch as they did not find and decree a perpetual injunction by their verdict, they were not satisfied in relation to that material fact in the case. And until the jury had so found by their verdict, it was error in the Court to have entered a decree for a perpetual injunction upon that verdict. The material issue in the case was fraud or no fraud on the part of the defendant at the sale of the property, under the evidence, and the jury have not, by their verdict, found for or against that issue. And they not having done so, the Court could not assume that they had, and enter a decree of estoppel thereon; for no fact can be presumed to have been found by the jury other than those which appear in their special verdict. If there was fraud proved on the part of the defendant at the sale of property, sufficient under the law to estop him from enforcing his mortgage lien, then the jury should have decreed, by their verdict, a perpetual injunction, and if not, then they should have found a verdict for the defendant. As there is to be a new trial in the case, we express no opinion in regard to its merits, under the evidence disclosed by the record.

Let the judgment of the Court below be reversed and a new trial ordered.