## SPICER *et al. v.* MACKLIN.

1. The petition in this case stated an equitable cause of action, and the court properly overruled a general demurrer.
2. Substantial relief was sought against both of the defendants, and the action could be maintained in the county of the residence of either of them.

---

Cancellation of Instruments, 9 C. J. p. 1227, n. 14.
Executors and Administrators, 24 C. J. p. 696, n. 79.
Venue, 40 Cyc. p. 99, n. 87; p. 100, n. 94, 95.

3. Under the peculiar facts of this case, the court did not err in overruling the demurrer based upon the ground of nonjoinder of a necessary party.

No. 5724. APRIL 15, 1927.

Equitable petition. Before Judge Howard. Fulton superior court. October 21, 1926.

*Brown & Brown* and *W. I. Geer,* for plaintiffs in error.

*B. H. Hill,* contra.

BECK, P. J. Dow Spicer, on November 25, 1914, purchased from Sam Rosendorf a certain tract or parcel of land, paying therefor a part of the purchase-money in cash and agreeing to pay the balance in monthly instalments, for which balance he executed and delivered eighty-one promissory notes. A bond for title in the usual form was executed by the vendor to the purchaser. Forty-eight of the purchase-money notes had been paid off by Dow Spicer when he died on February 16, 1924, intestate, and at the time of his decease he was in possession of the land purchased. After his decease his wife was appointed and duly qualified as administratrix, and subsequently fully administered the estate, paid out to the heirs their distributive shares of the same, and was discharged. Besides the wife, there were two other heirs of the deceased, plaintiffs in error in this case and defendants in the suit brought in the court below. After the death of Dow Spicer, Ed Spicer and his sister Eva Evins bought from Sam Rosendorf, the original vendor of the land sold to Dow Spicer, the balance of the purchase-money notes (that is, 49 to 81 in the series of notes), paying therefor $811 with interest, and received from Sam Rosendorf a deed conveying the land in question to the purchasers of the notes. But this deed was executed and accepted under the terms stated therein, that it was made "subject to the rights of a holder of a bond for title executed by Sam Rosendorf to Dow Spicer. . . The grantees herein have assumed the balance of the said bond for title for the agreed and sufficient consideration of title to the above-described lot of land." The facts above recited appear in the petition brought by the defendant in error against the plaintiffs in error, praying that the deed from Sam Rosendorf to Ed Spicer and Eva Evins be delivered up and canceled upon the payment to them of the money which they had paid for the purchase-money notes when they received the deed from Sam Rosendorf; it being alleged in the peti-

tion that the plaintiff had made a continuing tender of the amount paid out by the defendants in discharge of the balance of the purchase-money notes left unpaid by Dow Spicer at his decease. It is also alleged in the petition that the widow of Dow Spicer, who had been appointed administratrix and who had administered the estate, had been discharged; and that while administratrix she had duly obtained an order from the court of ordinary for the sale of "the equity and bond for title interest" of Dow Spicer in the land in controversy, and that at this sale petitioner purchased the property, being the highest and best bidder for same, and she "is now and has been since said purchase in possession of said property and is now in possession of the same." To this petition the defendants filed general and special demurrers. An amendment to the petition was filed by the plaintiff; and after argument the demurrers were overruled, and the defendants excepted.

1. We are of the opinion that the court did not err in overruling the demurrers to the petition, as it clearly shows an equitable cause of action against the defendants. The plaintiff in this action at administrator's sale became the purchaser of "the equity and bond-for-title interest of Dow Spicer" in the land in controversy. And it also appears that it was necessary to sell this interest of Dow Spicer in the land to pay the debts of the estate.

2. The ruling made in second headnote requires no elaboration.

3. It is a general rule, announced in numerous decisions rendered by this court, that the grantor in a deed or his personal representative is a necessary party to a suit to cancel such deed. The petition in this case is especially demurred to, on the ground that Sam Rosendorf, who executed and delivered to Dow Spicer the bond for title, and afterwards executed the deed which the plaintiff seeks to have canceled, is not a party to the suit, and the rule just stated is invoked in support of this special demurrer. But we do not think it is applicable under the peculiar facts of this case, because the defendants accepted the deed under which they claim title from Rosendorf, under the express terms stated therein, that it was subject to the bond for title executed and delivered by Rosendorf to Dow Spicer. Rosendorf is completely removed from liability in this case, and we do not think it is

necessary to make him a party. He has no interest whatever in sustaining the deed which he executed to the defendants in this action, although it concludes with the formal warranty of the usual warranty deed.

*Judgment affirmed. All the Justices concur.*