### 17160. League v. Churchill et al.

Jenkins, P. J. Under the answers to the questions certified by this court to the Supreme Court in this case (164 *Ga.* 137 S. E. 632), the judge of the superior court did not err in the judgment rendered on the appeal before him in the probate proceedings. The principle of estoppel is not involved.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided April 16, 1927.

Appeal; from Richmond superior court—Judge A. L. Franklin. January 9, 1926.

The certified questions are sufficiently indicated and the substance of the answers is given in the following headnote to the opinion of the Supreme Court: "Under the act of 1894 (Ga. L. 1894, p. 103, Code of 1910, §§ 3873-3880) a foreign will can be probated, and Georgia property willed thereunder can be administered, only by such resident executor as may be named therein, or, if none, by a resident administrator with the will annexed, appointed at the instance of any heir, legatee, distributee, devisee, or creditor of the testator. The purpose and effect of the act of 1894 is not only to require the domestic probate of foreign wills before Georgia property can be administered thereunder, but also to prohibit such probate and the administration of Georgia property willed thereunder by any person other than a resident executor or a resident administrator with the will annexed, selected and

Executors and Administrators, 24 C. J. p. 1112, n. 10.
Wills, 40 Cyc. p. 1237, n. 87.

appointed as therein provided, to the exclusion of ‚'the executor therein named or any administrator with the will annexed appointed elsewhere,' referred to in section 9 of the act."

*Wright & Jackson,* for plaintiff in error.

*Callaway & Howard, William H. Fleming, Hamilton Phinizy, James S. Bussey Jr.,* contra.