Day v. Parham, receiver, *et al.*

Atkinson, Presiding Justice. 1. If an enfeebled mother of advanced years, in order to procure a loan from a bank, was induced by three of her four adult sons to convey her land to one of the sons (J. M.) upon oral agreement that he would procure the loan individually, conveying the land as security for the debt which she should assume, whereupon the land should be reconveyed to the mother, subject to the security deed, the transaction would ordinarily be within the power of the parties. The effect of the oral agreement by the son to reconvey would not be to engraft an express trust on the unambiguous deed from mother to son.

2. If possession of the land was not yielded by mother to son under her deed of conveyance, but she continued in possession, and while so continuing the son J. M., without notice to the mother, conveyed the land to her son R. V., a party to and having notice of the oral agreement for conveyance by the mother to procure the loan, the son R. V. would, in virtue of such conveyance to him, take subject to the equities of the mother.

   (a) Where under like circumstances the son R. V. Day conveyed the land to the son L. G., the latter in virtue of the conveyance to him would take subject to the equities of the mother.

   (b) Also where the son L. G. conveyed the land to his son Wl. E., after death of the mother and after suit in equity, instituted by her administrator, the grantee W. E., having notice of the aforementioned equities of the mother, would in virtue of his deed take subject to the equities of the estate of the decedent.

3. Where, in the circumstances stated above, the son J. M. failed to reconvey the land to the mother, as required by the oral agreements, but on the contrary conveyed the land to the son R. V., without notice to the mother, such conveyance would be a fraud as against the mother, and would not defeat her equity in the land.

4. In circumstances stated, the fourth son, H. A., not a party to the fraud mentioned above, and the receiver appointed by the court with authority to sue for assets of the estate, having been made parties plaintiff by amendment to the suit of the administrator, the petition as amended alleged a cause of action, based on implied trust, for cancellation of

the deeds executed successively by the sons, other than the security deed, and contained prayers appropriate to the grant of such relief. *Jenkins* v. *Lane*, 154 *Ga.* 454 (3) (115 S. E. 126); *Chandler* v. *Georgia Chemical Works*, 182 *Ga.* 419 (185 S. E. 767). Whether or not the petition stated a cause of action for specific performance of the *oral* agreement, and whether or not the prayer for that relief was appropriate (*Waters* v. *Waters*, 124 *Ga.* 349, 52 S. E. 425; *Shapiro* v. *Steinberg*, 175 *Ga.* 869, 166 S. E. 767; *Guffin* v. *Kelly*, 191 *Ga.* 880, 887, 14 S. E. 2d, 50), yet, since the petition stated a cause of action for part of the relief sought, it was not subject to general demurrer. *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333); *Malone* v. *Robinson*, 77 *Ga.* 719 (2 a); *Atlanta Finance Co.* v. *Lunsford*, 32 *Ga. App.* 787 (3) (124 S. E. 813).

5. The petition as amended sought, among other things, cancellation of the successive deeds from J. M. Day to R. V. Day, from R. V. Day to L. G. Day, and from L. G. Day to W. E. Day. Two amendments to the petition showed that L. G. Day had died pending the action, and that no administrator had been appointed. W. E. Day filed (1) objections to one of these amendments, (2) general and special demurrers to the other amendment, (3) general and special demurrers to the petition as finally amended, and (4) a plea of nonjoinder; each presenting the contention, among others, that the suit could not proceed further, nor could the amendments be properly allowed, until an administrator of the estate of L. G. Day was appointed and made a party defendant. The court overruled all of these pleadings. W. E. Day is the sole plaintiff in error. In the bill of exceptions are four assignments of error complaining of these rulings. *Held:*

(a) Under the allegations of the petition as amended, relating to cancellation of the deed from L. G. Day to his son, W. E. Day, which contained a general warranty of title, it was essential to such relief of cancellation that the estate of L. G. Day, who died pending the suit, should be represented in the litigation, and to that end that an administrator should be appointed and made a party defendant, before further proceedings after his death, the question of nonjoinder having been duly raised. Accordingly, each of the rulings assigned as error was erroneous as contended, so far as related to this question. Code, §§ 3-401, 3-402; *Taylor* v. *Colley*, 138 *Ga.* 41 (74 S. E. 694); *Biggs* v. *Silvey*, 140 *Ga.* 762 (79 S. E. 857); *Spicer* v. *Macklin*, 164 *Ga.* 135, 137 (137 S. E. 828); *Terry* v. *Ellis*, 189 *Ga.* 698 (6, 7) (7 S. E. 2d, 282).

(b) There was no merit in any of the assignments of error, so far as related to other questions.

(c) On application of the foregoing rulings, the judgment is affirmed on the overruling of all grounds of objection and demurrer except as to the question of nonjoinder of the estate of L. G. Day, and is reversed on the rulings relating to that question, including the order overruling or disallowing the plea of nonjoinder.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 13601. June 17, 1941. Rehearing denied July 9, 1941.

*I. H. Corbitt* and *E. R. Smith,* for plaintiff in error.

*J. P. Knight,* contra.