PEPPERS *v.* PEPPERS.

No. 14132. MAY 21, 1942.

*James W. Arnold* and *Rupert A. Brown,* for plaintiff in error.
*Joe Quillian,* contra.

GRICE, Justice. ■ A determination of the question involved in this case calls for consideration of the parts played by the deed from Golden Peppers to his sister, Mary Peppers, and the document she delivered to him, in the light of the jury's findings as related thereto. The jury found that the deed was made for the sole purpose of enabling Mary Peppers to obtain one hundred dollars to pay the fine of Golden Peppers. It operated as an instrument creating a power in the grantee to make a debt for the amount and for the purpose named, and for no other purpose. *McKinney* v. *Burns,* 31 *Ga.* 295; *Simpson Grocery Co.* v. *Knight,* 148 *Ga.* 410 (96 S. E. 872). The beneficial title remained in the

grantor, and the grantee took only such legal title as was reasonably necessary to execute the power. In *Simpson Grocery Co.* v. *Knight,* supra, the deed was made for the sole purpose of putting title in the grantee so that he might sell or pledge the property for the purpose of raising money to be paid over to the owner. In that case it was said: "We are of the opinion that in the instant case the deed operated as an instrument creating a power; and that if this suit were between the grantor and the grantee, and the grantee under the facts were resisting an attempt upon the part of the grantor to set up his equitable title, a court of equity would hold that an attempt upon the part of the grantee to appropriate the land under such a deed executed under the circumstances disclosed by the undisputed evidence here would constitute a fraud, and that the deed was nothing more than a power, and that there was an implied or resulting trust in favor of the grantor."

■ It is insisted that when there ·was delivered to the brother the written instrument in the nature of a bond to reconvey, and he accepted the same, he was bound by the recitals therein to the effect that the sister would reconvey to him on his payment, not only of the amount named in the deed, but of another specified debt also. This contention can not be sustained. In *Yaughn* v. *Harper,* 151 *Ga.* 187 (106 S. E. 100), it appeared that G. R. Harper owned and possessed the west and A. Y. Yaughn the east half of a certain lot of land. Yaughn by deed conveyed a life interest in the west half to Harper and Lula Yaughn, jointly, and after their death to the children of A. Y. Yaughn. The widow and sole heir at law of G. R. Harper brought suit to recover the land from Lula Yaughn and the children of A. Y. Yaughn, alleging that the defendants were asserting that they had an interest in the property and were doing acts inconsistent with plaintiff's rights. The prayer was for injunction and other relief. On this state of facts it was ruled, that though one who is the owner of land, having perfect title, accept a deed from another purporting to convey to such owner and a third person a life-estate, with remainder to the children of the grantor, the interest of the owner of the land is not thereby reduced to a life-estate; nor does the conveyance to the owner and the third person of a joint life-estate in the land, with remainder over, constitute a covenant binding upon the owner, though he accepted the deed. In the opinion the court reasoned

this way: "The mere fact that he executed a deed which conveyed a life-estate to Harper and to the other person could not divest Harper of his title to the entire estate. The plaintiffs in error insist that the recitals in the deed were in the nature of covenants, but do not undertake to discuss or state the purpose of the covenants. Counsel argues that it was a case for the application of the principle of law contained in section 4180 of the Civil Code [1933, § 29-102], that 'When a grantee accepts a deed and enters thereunder, he will be bound by the covenants contained therein, although the deed has not been signed by him.' We can not construe the grant in this deed of a life-estate to G. R. Harper and Lula Yaughn, with remainder to the children of the grantor, as containing either a covenant or condition binding upon the grantees. There is nothing in the language that placed upon Harper the implied obligation to convey or deliver the land to Lula Yaughn or the children of the grantor, and we do not see how any act upon the part of Yaughn would divest Harper of title and convey it to some one else." In principle the ruling there made controls the issue now under discussion.

■ There was no motion for new trial. Only the two special findings of the jury hereinbefore referred to are pertinent to the exceptions contained in the record, (1) that the deed from the brother to the sister was made for a limited purpose; (2) that the written instrument executed by her was delivered to him. No other facts found by the jury bear upon the question as to ownership of the tract of land in dispute. This case is not affected by the fact that the brother owned only a half undivided interest, the sister owning the balance, in the smaller tract, and that both tracts were included in the security deed given to McWhorter, and signed by both brother and sister, to be used to obtain a loan for his benefit. Nor can the sister, on the issue now before us, derive any aid from the fact that she contended that she already owned a half interest in the other tract. The jury did not so find. This observation applies also to the suggestion that the "other considerations" mentioned were or might have been a settlement between them as to such contention by his acquiescing therein. The jury did not find that he accepted the instrument in settlement of any such claim of hers. "A decree is the judgment of the judge in equitable proceedings upon the facts ascertained." Code, § 37-1201.

The burden was upon the complainant to establish the material facts on which her right to relief rested. A fact necessary to be proved was that she and her brother were tenants in common as to the thirty-four acre tract. The jury made no finding as to that; hence that was not one of the "facts ascertained," and without it there could as to this issue be no decree for the complainant. *Markham* v. *Hunnicutt,* 43 *Ga.* 449; *Lake* v. *Hardee,* 55 *Ga.* 667. The decree was entered on the theory that the jury's answer to the second of the two questions above was sufficient to show that by accepting the instrument he was bound by the recitals therein, and that accordingly the sister Mary thereby acquired from him an undivided half interest in the land, subject to the liens already thereon. We adjudge otherwise, and hold that the exceptions to the decree were well taken.

This decision may work a hardship on the defendant in error; but the law is stable, and in instances where applicable the courts will not decline to declare fixed legal principles on account of the exigencies of a particular case. If that were permissible, and its application altered accordingly, the law would no longer be a rule of action, but would be based on mere fiat of a judge issued as a sort of judicial proclamation, as an act of grace.

*Judgment reversed. All the Justices concur.*