## HARPER *v.* HARPER.

No. 15081.    FEBRUARY 17, 1945.

*E. C. Collins, Powell, Goldstein, Frazer & Murphy,* for plaintiff.
*McDonald & McDonald,* for defendant.

WYATT, Justice. ■ The plaintiff in error demurred to the defendant's answer, and duly preserved her exceptions pendente lite to the judgment overruling the demurrer, and makes this judgment the basis of an assignment of error in her bill of exceptions. The legal question raised by the demurrer is the same as that made in the general grounds of the motion for new trial, and therefore both will be discussed together.

The evidence disclosed that the parties had lived together as husband and wife on the property in controversy for approximately thirty-five years. The property was inherited by the husband from his father. A deed was executed by him to his wife, and subsequently a loan was obtained on the property, both parties signing the loan agreement. The wife contended that her husband was at that time in financial difficulties; that he was indebted to her for money of hers, which she had obtained several years previously from her father's estate, and which he had used, and that the conveyance was made to her in settlement of this indebtedness; that from her own funds she had paid the installments on the loan; and that, after the deed was executed, the defendant's possession of the property was permissive. The husband contended that he was not at any time indebted to his wife; that he was in some financial difficulties, and for that reason the property was conveyed to his

wife for the sole purpose of obtaining a loan; that the property was to be reconveyed to him; that he remained in possession as owner; and the payments of the installments on the loan had been made with proceeds derived from the property in controversy; that his wife had never claimed the property until a short time before the suit was filed, and after the parties became estranged. On the issue thus made, the jury decided in favor of the husband. The legal question presented, both on the exceptions pendente lite to the overruling of the demurrer and in the general grounds of the motion for new trial, is whether or not the facts pleaded by the grantor in the deed, and accepted by the jury as true, are sufficient to create an implied trust in favor of the grantor, the husband. The burden of the argument by the plaintiff in error is that the material facts stated in the answer, and testified to by the grantor in the deed, do not as a matter of law create an implied or resulting trust, but amount to an effort to engraft by parol evidence an express trust on a deed.

The Code, § 108-106, provides: "Trusts are implied—1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest. 4. Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor, or testator, or his heirs." Section 108-108 provides: "In all cases where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or conduct of the parties, either to imply or rebut a trust." In *Hemphill v. Hemphill*, 176 *Ga.* 585, 590 (168 S. E. 873), this court said: "The fact that the plaintiff alleged that a certain agreement was had between her and the defendant did not render the petition fatally defective as seeking to enforce an express trust by parol. If from all the facts and circumstances an implied trust is otherwise established, it is not destroyed by the express verbal agreement which may have constituted a part of the transaction."

See also *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236). In *Guffin* v. *Kelly,* 191 *Ga.* 880, 886 (14 S. E. 2d, 50), it was said: "In all cases where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, either to imply or rebut a trust. § 108-108. Accordingly, the fact that the plaintiff alleged that a certain oral agreement was made between him and Mrs. Guffin and Mrs. Kay, at the time of such conveyance to the latter, did not render the petition defective as seeking to enforce an express trust by parol. If from all the facts and circumstances an implied trust is otherwise established, it is not destroyed by the express verbal agreement which may have constituted a part of the transaction. The express agreement may be shown, not as fixing the interest to be owned by the parties, but as rebutting the inference of a gift by the plaintiff. *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236); *Romano* v. *Finley,* 172 *Ga.* 366 (2) (157 S. E. 669); *Hemphill* v. *Hemphill,* 176 *Ga.* 585, 590 (168 S. E. 878). Implied trusts are not within the statute of frauds, and the court may hear parol evidence showing the facts from which they are sought to be implied." See also *Jenkins* v. *Lane,* 154 *Ga.* 454 (3, 4) (114 S. E. 579); *Bryant* v. *Green,* 176 *Ga.* 874 (169 S. E. 123). In *Chandler* v. *Georgia Chemical Works,* 182 *Ga.* 419 (185 S. E. 787, 105 A. L. R. 837), the court said: "A deed absolute in form may be shown by parol evidence to have been made in trust for the benefit of the grantor, where the maker remains in possession of the land."

In the case now under consideration, the jury was authorized to find that the husband had conveyed his property to his wife when they were living together in the confidential relationship of husband and wife; that a loan was secured on the property, both the husband and the wife signing the loan agreement, and the money obtained by the loan was used to pay off an indebtedness of his and to improve the property on which they maintained a home; that he paid the installments on the loan, taxes, and insurance on the property after the conveyance was executed; that he was not indebted to his wife; that he remained in the exclusive possession of the property, and that she made no claim to the property until several years later when they had become estranged. When all of these facts were made to appear, it was proper to hear

testimony as to an oral agreement made between the parties at the time of the conveyance, and to impress the property with an implied trust in favor of the husband after the purposes for which the property had been conveyed to his wife had been accomplished.

There are a number of special grounds complaining of rulings admitting evidence, of excerpts from the charge, and of other alleged errors. None of these grounds were argued in this court, and they are treated as abandoned. They will not be considered. *Dye* v. *Alexander,* 195 *Ga.* 676 (5), 682 (25 S. E. 2d, 419). There was no error in overruling the demurrer to the answer; nor in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*