HANCOCK *et al. v.* HANCOCK, administrator.

No. 16670. JULY 12, 1949. REHEARING DENIED JULY 27, 1949.

688

*John T. Coyle* and *Hoyt H. Whelchel,* for plaintiffs in error.
*A. B. Conger* and *P. Q. Bryan,* contra.

WYATT, Justice. ■ The allegations of the petition as amended,. to the effect that the principal defendant, being fully advised in the premises, offered to assist his father in procuring a loan by taking title to the 181-acre tract of land, making application for the loan, and, when accomplished, to reconvey the property to his father, which agreement was in parol, that the son failed to reconvey the land to his father, and on the contrary conveyed it to his wife, and the acts and conduct of the son were a fraud upon his father, were sufficient to allege a cause of action based on an implied trust. *Day* v. *Parham,* 192 *Ga.* 484 (15 S. E. 2d, 714) ; *Pittman* v. *Pittman,* 196 *Ga.* 397 (2) (26 S. E. 2d, 764) ; *Hall* v. *Turner,* 198 *Ga.* 763 (32 S. E. 2d, 829) ; *Harper* v. *Harper,* 199 *Ga.* 26 (33 S. E. 2d, 154).

The cited cases deal thoroughly with the principles of law giving rise to implied trusts under circumstances similar to those

allegedly existing in the present case; and with a citation of these authorities we might with propriety rest our decision upon this phase of the case. However, in view of the forceful argument advanced by counsel for the plaintiff in error, some further discussion of the law of trusts appears to be in order.

It is urged by the plaintiff in error: (1) that the petition attempts to assert an express trust by parol and engraft it on a deed; (2) that no constructive trust is established by the pleadings, in that the allegations of the petition are insufficient to show *inceptive* fraud in the transaction, that is, that the grantor was induced to execute the deed by false or fraudulent promises, intentionally made; and (3) that the petition attempts to vary the consideration set forth in the deed by substituting an entirely different consideration by parol.

"Trusts are either express or implied. Express trusts are those created and manifested by agreement of the parties. Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties." Code, § 108-104. "While express trusts must be created by writing, and cannot be proved by parol, implied trusts may be established by parol evidence, although the effect of such evidence is to alter or vary a written instrument, and although the defendant sets up and insists upon the statute of frauds." *Jenkins* v. *Lane*, 154 *Ga.* 454 (3a) (115 S. E. 126); *Jansen* v. *Jansen*, 180 *Ga.* 318 (178 S. E. 654); *Sykes* v. *Reeves*, 195 *Ga.* 587 (24 S. E. 2d, 688).

"Trusts are implied: 1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest." Code, § 108-106. Thus it will be seen that implied trusts arise under varying circumstances. Such trusts are divided into two categories; resulting trusts and constructive trusts, and sometimes it is exceedingly difficult to differentiate between the two; but ordinarily distinctions are unnecessary since both are implied trusts and are governed by the same rules. Generally trusts arising under the first

and third classifications in the cited Code section are resulting trusts, while those arising under the second classification are constructive trusts. Not infrequently in the case of resulting trusts no fraud exists, such trusts resting primarily on an implication of law from the nature of the transaction; but generally, if not necessarily, the element of fraud is present in constructive trusts.

Sometimes a trust partakes of the nature of both a resulting and a constructive trust. For instance (aside from those cases calling for special considerations, as where there arises an inference of a gift), if A purchases land, paying the purchase-price therefor, and for convenience, or by agreement with B, the legal title is placed in B's name, a resulting trust arises in favor of A; and if B, who had every intention of conveying the property to A, should die, his heirs or representative would hold the property impressed with a resulting trust, although no fraud had entered into the transaction. If, under the same circumstances, B took title, having induced the transaction, intending at the time to break the agreement and appropriate the property to his own use, or after acquiring the title formed such an evil and dishonest intention, which was followed by a retention or disposition of the trust res, this would constitute fraud, and he would hold the property or the proceeds as a trustee ex maleficio. Thus, what in the beginning might have been a resulting trust may by subsequent events partake more of the nature of a constructive trust.

Bringing the illustration squarely within the facts of the present case, if A, a father, deeds land to B, a son, not upon a good and valuable consideration, though such consideration might be recited in the deed, but for the purpose of the son's obtaining a loan on the land and reconveying to the father, a resulting trust would arise in favor of the father. *Simpson Grocery Co. v. Knight*, 148 *Ga*. 410 (96 S. E. 872); *Peppers* v. *Peppers*, 194 *Ga*. 10, 12 (20 S. E. 2d, 409). The trust would not rest upon the agreement, though it might be proved to rebut the inference of a gift; but, on the contrary, the law would imply that the son held the legal title for the benefit of the father. This rule applies even where possession is delivered by the grantor, there being no conflict between this rule and the provisions of the

Code, § 67-104, "which declares that a deed absolute on its face and accompanied with possession of the property shall not be proved (at the instance of the parties) by parol evidence to be a mortgage only, unless fraud in its procurement is the issue to be tried. Nor is the ruling in conflict with the decisions which applied the section just cited to those cases where a grantor contended that a deed absolute on its face and accompanied with possession of the property was a security deed only." *Simpson Grocery Co.* v. *Knight,* supra; *Jenkins* v. *Lane,* supra. If, under the circumstances enumerated, the son induced the transaction with the intention of not complying with the agreement, or after having acquired the property formed such intent and appropriated the property to his own use, this would constitute a fraud, and the property would be impressed with a constructive trust. There is ample authority for this statement, which we shall presently cite.

Accordingly, it would appear that it makes little difference whether, in a case such as the present one, the implied trust was in the nature of a resulting or a constructive trust. However, the present petition seems to be predicated on the theory of a constructive trust, and we shall so consider the trust sought to be established.

The principles controlling this case have been so well considered and presented in *Pittman* v. *Pittman,* supra, which answers the contentions of counsel for the plaintiff in error, that we feel justified in quoting liberally from that opinion: "While fraudulent undertakings or promises, whatever their terms, 'do not, unless reduced to writing, raise express trusts,' yet 'the law, acting upon them according to their nature, makes them a basis upon which to build up in favor of the defrauded party an implied or constructive trust. . . While an express trust can only be shown by a writing, an implied trust may rest upon an express parol agreement, fraudulently made, by which a person acquires title to property of another; and in such case the express promise may be proved by parol to raise, not an express, but an implied trust.' Likewise, in *Guffin* v. *Kelly,* 191 *Ga.* 880, 886 (14 S. E. 2d, 50), the court said: 'The fact that the plaintiff alleged that a certain oral agreement was made between him and [the other parties] at the time of such conveyance to the latter,

did not render the petition defective as seeking to enforce an express trust by parol. *If from all the facts and circumstances an implied trust is otherwise established,* it is not destroyed by the express verbal agreement which may have constituted part of the transaction. The express agreement may be shown, not as fixing the interest to be owned by the parties, but as rebutting the inference of a gift by the plaintiff.' To the same effect see *Hemphill* v. *Hemphill,* 176 *Ga.* 585, 590 (168 S. E. 878) ; *Hadaway* v. *Hadaway,* 192 *Ga.* 265 (14 S. E. 2d, 874) ; 3 Scott on Trusts, §§ 482, 485, 486, and cit. It matters not whether a fraudulent intention existed at the time the conveyance was made. 'Constructive trusts are such as are raised by equity in respect of property which had been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it.' *O'Neal* v. *O'Neal,* 176 *Ga.* 418 (2) (168 S. E. 262) ; 26 R. C. L. 1232, § 78; 3 Scott on Trusts, 2317, § 462.2.

"In construing the codified rules quoted, defining express and implied trusts, it has been held in general terms that 'a parol trust cannot be engrafted on an absolute deed.' *Durrett* v. *McWhorter,* 161 *Ga.* 179, 181 (129 S. E. 870). But a 'deed' as referred to in such decisions must have reference to an instrument valid not only in form but in substance, and not a deed wholly without consideration, good or valuable, and where the grantee fraudulently holds thereunder against the rights of the vendor. The general rule stated in the *Durrett* case is but the application of another rule that it is not permissible to vary or contradict by parol the terms of a written instrument. But our Code, § 29-101, declares that 'a deed to lands must be . . made on a valuable or good consideration,' and that 'the consideration of a deed may always be inquired into when the principles of justice require it.' If, however, the instrument states the consideration, not merely by way of recital, but in such a way as to constitute it a part of the terms and conditions of the agreement itself, then and in such event it is not permissible, even under the guise of inquiring into the consideration, to set up a *new and different* consideration, and in this way to incidentally modify the terms and conditions of the written contract. But the rule just stated does not have application where a total lack or

a total failure of consideration is shown. In that event the instrument can be attacked irrespectively of how or in what manner the consideration may be expressed. *Carter* v. *Walden,* 136 *Ga.* 700 (71 S. E. 1047); *Finch* v. *Woods,* 113 *Ga.* 996 (39 S. E. 418); *Aultman* v. *Mason,* 83 *Ga.* 212, 219 (9 S. E. 536); *Byrd* v. *Marietta Fertilizer Co.,* 127 *Ga.* 30, 34 (56 S. E. 86), and cit.; *Ramsey-Fender Motor Co.* v. *Chapman,* 46 *Ga. App.* 385, 390, 392 (168 S. E. 92), and cit.; Code, § 29-110."

Still quoting from the *Pittman* case, but paraphrasing to bring the ruling squarely within the facts of the instant case—in this case, although a valuable consideration is mentioned, it is contended that none exists, unless it be the assumption by the son of his obligation to obtain a loan on the land and reconvey to his father: "In other words, if the [son] did not take the title with this trust or condition, he did not take any title at all; and such being the case, it would be a fraud for him to hold it adversely or to give it to his wife. It follows that since the deed was wholly without any good or valuable consideration, other than the trust assumed, and since the only title at all that [he] could have had was a title in trust [the petitioner's claim] is not an attempt to engraft on an otherwise good and valid deed an extraneous parol trust, but is an effort either to void the deed, or else to sustain it in the only way that it might possibly be given effect, if allowed to have any effect at all.

"This is not a new proposition before this court. Substantially and in legal effect the identical question here involved was decided by a unanimous bench in *McKinney* v. *Burns,* 31 *Ga.* 295, 299, where it was said: 'It is contended that a parol trust to the land cannot be engrafted on the absolute deed from Burns to McKinney. There is no attempt to do this. The legal title was conveyed to McKinney merely to enable him to pass it over to Mrs. Burns and her children. The deed is founded upon no consideration good or valuable. The title was conveyed to him for a particular purpose. It operates as a power merely. Powers of attorney are frequently executed in this way, and any attempt to hold or appropriate the land under such a power would constitute a fraud, against which equity would grant relief.'"

As to the question of the necessity of inceptive fraud, the principles governing constructive trusts should not be confused with

694

such cases as *Brinson* v. *Hester*, 185 *Ga.* 761 (196 S. E. 412), and *Pantone* v. *Pantone*, 203 *Ga.* 347 (46 S. E. 2d, 498), being suits to cancel deeds made upon a promise by the grantee that he would support and maintain the grantor for the balance of his life, or similar covenants. In a case of that character there has been a conveyance upon a good and valuable consideration, and the action is based upon the breach of a covenant. Ordinarily, the remedy in such a case is a suit for damages, unless there are special equities, making such a suit inadequate, such as insolvency on the part of the grantee. (Incidentally, in a suit to impress property with a constructive trust, the question of insolvency is ordinarily immaterial.) Such a deed may also be canceled where it is procured as the result of an "inceptive fraudulent intent." See *Pantone* v. *Pantone*, supra, where the grant of a nonsuit was affirmed because no "inceptive fraudulent intent" was proved. The *Pantone* decision, as applied to the facts of that particular case, states correct principles. The writer of that opinion, Presiding Justice Atkinson, also states and applies the correct rule, with respect to constructive trusts, in *Murray County* v. *Pickering*, 196 *Ga.* 208 (26 S. E. 2d, 287), where it is said: "Constructive trusts are such as are raised by equity in respect of property which has been acquired by fraud, or where though acquired originally without fraud, it is against equity that it should be retained by him who holds it." There is certain language in *Mays* v. *Perry*, 196 *Ga.* 729 (27 S. E. 2d, 698), written by the writer of the present opinion, which might be construed as holding that it is necessary to show inceptive fraud in order to establish a constructive trust. If the ruling there made is susceptible of such a construction, then it must yield to earlier fullbench decisions holding to the contrary.

The instant case differs from those cases where the parol trust sought to be imposed would have vested duties and obligations separate and distinct from those which would naturally arise from the "nature of the transaction or the conduct of the parties." Such a case is *Jones* v. *Jones*, 196 *Ga.* 492 (26 S. E. 2d, 602), upon which counsel for the plaintiff in error in the present case principally rely in their argument. As stated in the *Pittman* case, supra, in the *Jones* case "a situation existed which was entirely different from that here involved. There the deed was

not without at least a good consideration, if not also, as contended, a valuable one; and the plaintiff not only relied on the terms of the express parol agreement pleaded, which he necessarily had to rely upon, since under the allegations the grantee in the deed from the father of the parties was to convey to the plaintiff a specifically described portion of a tract of land, and no right to recover such particular portion of the tract could have existed from the mere relationship of the parties and the nature of the transaction, but the right, if any, of the plaintiff to thus recover was dependent upon the specific terms of the express parol trust. Also, in the *Jones* case, the party seeking to set up the trust was not the grantor of the deed, seeking to re-establish the status quo, but was a mere voluntary beneficiary of the alleged parol agreement." Here, on the contrary, the representative of the estate of the grantor seeks no more than he would be entitled to claim in restoring the status quo that existed when the property was deeded to the son without consideration. The petitioner seeks to recover the property for the benefit of the heirs at law, including the defendant, of the grantor.

(a) Where a grantee holds property impressed with a constructive trust in favor of the grantor, and conveys such property to another, who has notice and knowledge of the circumstances creating the constructive trust, the latter takes the property subject to the equities of the original grantor, and is a proper party in a suit seeking to impress the property with a constructive trust.

Applying the foregoing rulings, the petition set forth a cause of action on the theory of an implied trust; and under the well-established principle that a petition will not be dismissed on general demurrer if the facts entitle the plaintiff to any of the substantial relief sought, the trial judge did not err in overruling the general demurrers interposed by the two defendants.

■ The allegations of the petition as amended, to the effect that the father constituted the principal defendant as his continuing agent and trustee to operate and manage the father's business affairs for him during his declining years, and that the principal defendant, subsequently to the death of his father, procured a third person to exercise a power of sale as to the 100-acre tract of land, and thereby violated his duty as a continuing

696

agent and trustee, come within the general rule that the relationship of principal and agent is terminated by the death of the principal. Code, § 4-214 (1); *Wilkins* v. *McGehee*, 86 *Ga.* 764 (1) (13 S. E. 84); *Ray* v. *Hemphill*, 97 *Ga.* 563 (25 S. E. 485); *Anderson* v. *Goodwin*, 125 *Ga.* 663 (3) (54 S. E. 679).

Counsel for the petitioner insist that the agency was coupled with an interest because the principal defendant was an heir at law and entitled to a child's part in his father's estate. There is no merit in this insistence, for the reason that the exception to the general rule exists where the power of the agent is coupled with an interest in the property; and since the son had no interest in the 100-acre tract at the time the alleged contract was entered into, the father could have revoked the contract during his lifetime. After the death of the father terminated the agency, the principal defendant could bid at the foreclosure sale the same as other children. The petition did not allege that the other children did not have notice of the foreclosure sale, and the allegations that the principal defendant procured a third person to exercise a power of sale, and thereby violated his duty as a continuing agent, were subject to demurrer. Accordingly, the trial judge erred in overruling grounds 3 and 4 of the demurrer, attacking paragraphs 22 to 28 inclusive of the petition "upon the ground that the allegations contained in said paragraphs, both separately and collectively, are insufficient in law to create a trust in favor of the plaintiff on the 100-acre tract described in the petition."

(a) Other grounds of demurrer, such as attacks on certain paragraphs for a failure to attach copies of deeds which did not form the basis of the action, and an attack on the petition for a nonjoinder of parties, have been examined and found to be without merit; and no error was committed in overruling these grounds of demurrer.

(b) The questions raised in the motion for a new trial are not dealt with, inasmuch as all the proceedings in the trial court subsequent to the overruling of the defendants' demurrers, as indicated in the second division of this opinion, are to be treated as nugatory. *Southern Railway Co.* v. *Pope*, 129 *Ga.* 842 (60 S. E. 157).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Atkinson, P. J., who dissents.*

ATKINSON, Presiding Justice. I dissent from the first headnote and the corresponding division of the opinion, as I do not think that the facts alleged are sufficient to establish an implied trust. Other than the parol agreement there appears no allegation of any fact or circumstance sufficient to be the equivalent of an implied contract which would authorize the establishment of an implied trust. There is no allegation of inceptive fraud, and the allegations show that possession was given to the grantee. The majority opinion cites much law relating generally to implied trusts, but in each case cited there is some fact or circumstance over and beyond the parol agreement which authorizes the creation of an implied trust. In its last analysis the majority opinion is predicated on *Pittman* v. *Pittman,* 196 *Ga.* 397, which in turn is based on *McKinney* v. *Burns,* 31 *Ga.* 295. Each of those cases holds that an implied trust was created by reason of the fact that there was no consideration for the deed; yet, in the instant case, there was a consideration for the deed, as the deed from the father to the son recites a consideration of $4500 and an assumption of the outstanding loans, and the petition also alleges that the son subsequently executed a note for the sum of $3000 secured by the land.

The facts alleged amount to no more than an attempt to assert an express trust by parol and engraft it on a deed, which cannot be done. See *Jones* v. *Jones,* 196 *Ga.* 492, and citations. Where there is an attempt to create an express trust by parol and engraft it on a deed, which is prohibited under the Code, § 108-105, the fact that it fails as an express trust does not ipso facto establish an implied trust.