19844.   HODGES *v.* HODGES.

SUBMITTED SEPTEMBER 11, 1957—DECIDED NOVEMBER 8, 1957—
REHEARING DENIED NOVEMBER 26, 1957.

690

*Hawlette Hollingsworth, Hollingsworth & Hollingsworth,* for plaintiff in error.

*Donald E. Austin, Austin & Searcey,* contra.

MOBLEY, Justice. 1. The original petition alleges that the property was conveyed to the defendant as agent to hold the property in trust and to manage the plaintiff's interest, and was not intended to give the property to the defendant for his own personal gain and enjoyment. The petition did not allege that there was ever any agreement between the parties that the defendant would hold the property in trust, and, hence, did not meet the requirements necessary to establish an express trust under Code § 108-104, which provides that "Express trusts are those created and manifested by agreement of the parties." By amendment, facts and circumstances under which the deed to the defendant was given were alleged; and, based upon such facts, the petition seeks to establish a right of action upon the principle of implied trusts. "Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties." Code § 108-104. "Trusts are implied—1. Whenever

the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest." Code § 108-106. "Constructive trusts are such as are raised by equity in respect of property which has been acquired by fraud, or where though acquired originally without fraud, it is against equity that it should be retained by him who holds it." *Murray County* v. *Pickering*, 196 *Ga.* 208 (2) (26 S. E. 2d 287); *O'Neal* v. *O'Neal*, 176 *Ga.* 418 (2) (168 S. E. 262). In *Hall* v. *Turner*, 198 *Ga.* 763 (32 S. E. 2d 829), a father deeded certain land to his son, the deed reciting a consideration of $1,600. It was alleged that the real consideration for the deed was the son's promise that his father and mother would have the right to live on the land for their lifetime, to use the same and the rents and profits therefrom, and the further promise that the son would pay an outstanding indebtedness on the land. The son sold the land to his sister, who took with full knowledge of the agreement between the son and father. After the death of the sister and her husband, the husband's administrator made application to sell the land and the father filed a claim thereto. It was held (headnote 1): "The evidence here showing that the land involved was deeded by the grantor to his son upon the sole agreement that the grantee was to hold the record title subject to the rights of the grantor and his wife to use and occupy the land and to receive the rents and profits therefrom while they or either of them should remain in life, an implied resulting trust was thereby created in favor of the grantor and his wife, and the subsequent execution and delivery of an absolute deed to his sister by the grantee, without an express reservation of the rights of the grantor and his wife, was a fraud upon them." In *Pittman* v. *Pittman*, 196 *Ga.* 397 (26 S. E. 2d 764), two sisters conveyed their one-half interest in certain land to their brother so that he could sell it and divide the proceeds. Instead of so doing, he conveyed it to his wife, who sold it to one Campbell. In an

action by her against Campbell to recover the land upon his default, the sisters intervened and asked the court to recognize their interest. It was stated (p. 406): "The evidence for the intervenors was undisputed that . . . [no consideration for the deed] existed, unless it be the assumption by the brother of his obligation to sell the land and pay the intervenors their half interest in the proceeds. In other words, if the brother did not take the title with this trust or condition, he did not take any title at all; and such being the case, it would be a fraud for him to hold it adversely or to give it to his wife. It follows that, since the deed was wholly without any good or valuable consideration, other than the trust assumed, and since the only title at all that the brother could have had was a title in trust, the claim of these intervenors is not an attempt to engraft on an otherwise good and valid absolute deed an extraneous parol trust, but is an effort either to void the deed, or else to sustain it in the only way that it might possibly be given effect, if allowed to have any effect at all." The *Pittman* case held (headnote 2): "While it is the general rule that a parol trust can not be grafted on an absolute deed, the instrument to which reference is thus made must be taken to mean a deed which is valid, and not one without any good or valuable consideration, and where the grantee holds in fraud thereunder." Code § 108-106, supra, provides that a trust will be implied when it is manifest from the nature of the transaction that the parties did not intend for the one taking title to have any beneficial interest in the property. In *Day* v. *Parham*, 192 *Ga.* 484 (15 S. E. 2d 714), where a mother conveyed land to her son solely for him to procure a loan thereon and reconvey it to her, upon failure of the son to convey as agreed it was held that he held the property upon an implied trust. In *Harper* v. *Harper*, 199 *Ga.* 26 (33 S. E. 2d 154), property conveyed by a husband to his wife for the purpose of securing a loan was held to be impressed with an implied trust in behalf of the husband after the purposes for which the property had been conveyed were accomplished. In *Johnson* v. *Upchurch*, 200 *Ga.* 762 (38 S. E. 2d 617) where, in order to procure a loan, a father conveyed his land to one of his daughters, who proceeded to procure the loan and who had agreed that after her

father's death she would convey to each of her two sisters a one-third interest in the land—an implied trust was established in favor of one of the daughters upon her sister's refusal to abide by the agreement with the father. In none of those cases does there appear to have been any consideration for the deed; the land was conveyed to the grantee for a particular purpose only, and the parties did not intend that the grantee should have any beneficial interest therein, except in the *Johnson* case where it was manifest that the daughter taking the property would, at the grantor's death, have a one-third interest therein. In *McKinney* v. *Burns*, 31 *Ga.* 295, 299, it was stated: "It is contended that a parol trust to the land can not be engrafted on the absolute deed from Burns to McKinney. There is no attempt to do this. The legal title was conveyed to McKinney merely to enable him to pass it over to Mrs. Burns and her children. The deed is founded upon no consideration good or valuable. The title was conveyed to him for a particular purpose. It operates as a power merely. Powers of attorney are frequently executed in this way, and any attempt to hold or appropriate the land under such a power would constitute a fraud, against which equity would grant relief." See also *Simpson Grocery Co.* v. *Knight*, 148 *Ga.* 410 (96 S. E. 872); *Peppers* v. *Peppers*, 194 *Ga.* 10 (20 S. E. 2d 409).

The petition in this case alleges that the plaintiff and the defendant, at the time the deed was made, agreed that the title to the property should be put in the defendant so that the defendant could manage it, borrow money thereon to make improvements, and to enable it to be farmed; that the deed was without any consideration; that the property was to be used for the benefit and support of the blind brothers and the other brothers of the parties; that the blind brothers and other brothers have lived on the property up to the present time without payment of any rent or remuneration of any kind; that the deed to the defendant was intended only to convey paper title and not to convey the plaintiff's beneficial interest in the land; and that the defendant has breached his agreement and is attempting to dispossess the brothers residing on the land.

Applying the language of the *Pittman* case to the facts alleged,

"if the brother did not take the title with this trust or condition, he did not take any title at all; and such being the case, it would be a fraud for him to hold it adversely . . . It follows that, since the deed was wholly without any good or valuable consideration, other than the trust assumed, and since the only title at all that the brother could have had was a title in trust, the claim of . . . [the plaintiff] is not an attempt to engraft on an otherwise good and valid absolute deed an extraneous parol trust, but is an effort either to void the deed, or else to sustain it in the only way that it might possibly be given effect, if allowed to have any effect at all."

Upon the principles stated above, the petition alleged a cause of action based upon the principle of implied trusts, and upon this ground it was not error to overrule the general demurrer.

2. The petition does not show upon its face that the plaintiff's claim is barred by laches or the statute of limitations. "An action to impose or enforce an implied or constructive trust as to land must generally be brought within seven years from the time the cause of action accrues; but where the alleged trustee recognizes the trust and treats it as subsisting, suit may be brought at any time within seven years after notice of adverse claim, unless from the particular circumstances the claim is barred by laches. *Wallace* v. *Mize,* 153 *Ga.* 374 (2, 3) (112 S. E. 724); *Roach* v. *Roach,* 143 *Ga.* 486 (85 S. E. 703); *McFadden* v. *Dale,* 155 *Ga.* 256 (4) (116 S. E. 596); *Purvis* v. *Johnson,* 163 *Ga.* 698 (3, 5) (137 S. E. 50); *Pickens* v. *Jackson,* 152 *Ga.* 100 (2) (108 S. E. 536)." *Hadaway* v. *Hadaway,* 192 *Ga.* 265, 269 (14 S. E. 2d 874). The only allegation as to an adverse claim by the defendant is that he has rented a part of the land for the years 1953 through 1956 and fails and refuses to account to the plaintiff for the latter's share of the rent. "There is no absolute rule as to what constitutes laches or staleness of demand, and no one decision constitutes a precedent in the strict sense for another. Each case is to be determined according to its own particular circumstances. . . Laches is not, like limitations, a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced, an inequity founded on some intermediate change in conditions." *Hadaway* v. *Hadaway,*

supra, p. 270. The petition does not allege any facts which show that the plaintiff is barred by laches. Both he and the defendant are still in life, and no facts appear which show that it would be difficult to ascertain the truthfulness of the matters in controversy because of a lapse of time or any other circumstances.

The petition stating a cause of action, the trial court did not err in overruling the general demurrers thereto.

*Judgment affirmed. All the Justices concur.*