## 54456. MUNDORFF v. COMPASS TRAVEL, INC.

BANKE, Judge.

The appellee, Compass Travel, Inc. brought this action to recover funds which the appellant, its secretary-treasurer, had appropriated from the corporate checking accounts. The appeal is from the grant of partial summary judgment to the corporation in the principal amount of $26,539.39.

Compass Travel, Inc. was originally a sole proprietorship owned by Edward W. Robinson, III. He and the appellant negotiated an "indenture agreement" pursuant to which the appellant loaned the proprietorship $23,314.39. The two agreed that the loan was to be repayable in the capital stock of Compass Travel, Inc., provided the corporation became fully operational as the successor to the proprietorship within a stated period of time. The loan was covered by Robinson's

personal notes in the amount of the loan. Later, the appellant increased his investment by pledging a $4,000 savings certificate as security for a corporate debt.

Both Robinson and the appellant became directors of the corporation. Robinson was named president, and the appellant was named secretary-treasurer, thereby acquiring authority to write checks on the corporate checking accounts.

The appellant never received his stock for reasons which are unclear. Although in his brief and complaint he alleges that the corporation "refused" to deliver the stock, in his affidavit he stated only that it "failed" to do so. In his deposition, he indicated that he had declined to release Robinson from liability on the personal notes in exchange for the stock certificates. In any event, the appellant decided that the indenture agreement had been breached and that he wanted his money back.

After discussing the matter with an attorney who was a member of his military reserve unit, the appellant chose to recover his investment by writing checks to himself on the corporate checking accounts. Over a 4-month period, he withdrew $26,539.39, the amount of the summary judgment.

The only legal doctrine advanced by the appellant in support of his claim to the money in the checking accounts is that of constructive trust. "Constructive trusts are such as *are raised by equity* in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it." *O'Neal v. O'Neal,* 176 Ga. 418 (2) (168 SE 262) (1932); *Hodges v. Hodges,* 213 Ga. 689, 691 (100 SE2d 888) (1967). (Emphasis supplied.) Although their existence may be said to spring from the situation, they are enforceable only through judicial means. See Restatement of the Law, Restitution, § 160 (1937) and Comments. Accordingly, the doctrine is not available as a defense to a conversion action.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED NOVEMBER 23, 1977.

*Noel H. Benedict,* for appellant.
*Taylor W. Jones,* for appellee.