## 34141. WILLIAMS v. WHITFIELD.

MARSHALL, Justice.

The plaintiff brought this suit against the defendant to impress a trust on 26 acres of residential property which the plaintiff had allegedly conveyed to the defendant in trust and which the defendant refused to reconvey to the plaintiff. By agreement of the parties, the case was heard by the trial judge without the intervention of a jury. A judgment was entered in favor of the plaintiff. The defendant appeals.

As found by the trial judge, these are the facts:

The plaintiff's mother held a life estate and the plaintiff's sister held the remainder interest in the 26-acre tract. They sold this property to the plaintiff for $250 per acre, for a total purchase price of $6,625; whereas the fair market value of the property is between $1,500 and $2,000 per acre. The plaintiff's mother and sister would not have sold the property at this price to anyone other than the plaintiff. After the property was conveyed to the plaintiff, his mother and sister have continued to reside in the house located on the property.

In order to obtain the funding to purchase the property, the plaintiff made an application for a loan with the First State Bank & Trust Company in Albany, Georgia. The bank denied plaintiff the loan because he is a nonresident. For the purpose of securing the loan, the plaintiff arranged to convey the property to the defendant, who would obtain the loan and then reconvey the property to the plaintiff. The property was so conveyed to the defendant, and she secured the loan for $7,000. The proceeds of the loan were disbursed as follows: The plaintiff's sister was given $6,625; the defendant was given $163.35, from which to make the first installment payment in the amount of $101.70 on the loan, with the understanding that she could retain the remaining $61.65; the plaintiff received $150. Pursuant to the parties' agreement, the defendant made the first installment payment on the loan, but she later refused to reconvey the property to the plaintiff or tender the loan payment book, as they had previously agreed upon.

The trial court found that, unbeknownst to the

plaintiff, the defendant had used a savings account listed in her name as security for the loan, in addition to securing the loan with the property itself. Based on this circumstance, the trial court found that the defendant never had any intention of reconveying the property to the plaintiff, contrary to the understanding of the parties. Accordingly, the trial court concluded that the defendant had acted fraudulently. The court ordered the defendant to execute a deed reconveying the property to the plaintiff. The plaintiff was then ordered to repay to the defendant any sums she had expended on installments on the loan, except the first installment. In addition, the plaintiff was ordered to pay the bank an amount sufficient to liquidate the loan. *Held:*

The evidence in the present case authorized the judge in finding that the plaintiff conveyed the property to the defendant for the purpose of the defendant's obtaining a loan on the property and reconveying the property to the plaintiff. The evidence further authorized the judge in finding that the defendant never had any intention of complying with this agreement. This constitutes fraud, which authorized the court in impressing the property with a constructive trust for the benefit of the defrauded party. Code § 108-106 (2); *Hancock v. Hancock,* 205 Ga. 684 (54 SE2d 385) (1949); *Harper v. Harper,* 199 Ga. 26 (33 SE2d 154) (1945); *Day v. Parham,* 192 Ga. 484 (15 SE2d 714) (1941). A constructive trust is an implied trust, and it has long been the rule in this state that implied trusts are not within the Statute of Frauds. *Miller v. Cotten,* 5 Ga. 341, 346 (1848).

The defendant argues that the plaintiff is barred from receiving equitable relief because he comes into court with unclean hands. Code § 37-104. The argument here is that the arrangement whereby the plaintiff would convey the property to the defendant, with the defendant's obtaining the loan from the bank and reconveying the property to the plaintiff, constituted a fraud on the bank. Although, under the circumstances of a given case, this might be fraudulent, it is not necessarily fraudulent, and the defendant has not shown that it was fraudulent here.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 13, 1978 — DECIDED NOVEMBER 30, 1978.

*Vansant & Engram, Alfred N. Corriere,* for appellant.
*Anthony A. May,* for appellee.