GEORGIA CHEMICAL WORKS *v.* MALCOLM, administratrix, *et al.*

276

No. 12222.  MAY 12, 1938.  REHEARING DENIED JUNE 18, 1938.

*Erwin & Nix, H. W. Dent,* and *Hamilton Phinizy,* for plaintiff in error.

*Pemberton Cooley, G. P. Martin,* and *H. A. Stephens Jr.,* contra.

GRICE, Justice. ■ The first special ground of the motion for new trial recites the court's statement to the jury of the contentions of the parties as to what amount, if any, the plaintiff was indebted to Burns. The court referred to plaintiff's amendment to his petition, and stated the substance of it, which was to the effect that while in his original petition plaintiff admitted that he owed Burns $6800, he has since learned, from the schedule in bankruptcy filed by Burns, that the latter admitted that he was indebted to plaintiff; and plaintiff alleged that his former allegation was erroneous. The court stated to the jury that the contention of the defendant Georgia Chemical Works is, "that, having admitted the amount of $6800, with interest thereon, . . it should be found by the jury that that much was owing." The movant charges that it was error for the court to state to the jury in that connection that "these contentions are questions of fact for you to determine from all the evidence in the case," in that, while there was evidence of deliveries of large quantities of cotton by plaintiff to Burns and of the latter's failure to make an accounting and settlement, there was no evidence disproving plaintiff's original admission of indebtedness, except the schedule of his liabilities accompanying Burns' petition in bankruptcy; and that this admission by Burns, made after Chandler's warranty deed to him, did not disprove plaintiff's indebtedness to him at the time Chandler made the deed to Burns. The court was merely stating the contentions of the plaintiff made in his amendment, which was not demurred to, and the contentions of the defendant with respect thereto. In submitting to the jury these contentions, the court did not limit them to a consideration alone of the fact shown in

Burns' schedule in bankruptcy, but charged them in that immediate connection, "If you find and believe from *all the evidence* in the case that Chandler is not now indebted to Burns, . . then you would answer that question, no." The dealings between Chandler and Burns, testified to by witnesses, tended to corroborate the fact shown by Burns' schedule in bankruptcy. Burns made no denial of any of plaintiff's allegations. Movant called attention to no evidence showing a change of the status between the date of plaintiff's deed to Burns and the latter's bankruptcy proceeding, or between the latter date and the trial; and there is evidence that as soon as Chandler executed his warranty deed to Burns all transactions between them ceased. The charge was not error for any of. the reasons stated.

■ In grounds 21 and 22 the movant assigns error on the court's permitting the witness Ott Chandler, a son of the plaintiff, to testify, over the objection of the defendant, as to his familiarity with the confidential relationship existing between his deceased father and Burns; that he was familiar with transactions between plaintiff and Burns, whereby the plaintiff would turn over to Burns large quantities of cotton, to be applied on his indebtedness, without receiving or exacting an accounting therefor from him; and that there had never been a settlement between his father and Burns. The movant's objections were that the witness was incompetent to testify as to such transactions between the two deceased parties; that the witness had a pecuniary interest in the outcome of the case, because certain of these lands had once been purchased by witness from Burns, who executed to him a bond for title thereto; and that his testimony contradicted admissions made in plaintiff's petition. The witness testified that his father took over his contract for the purchase of the lands in question. "My father took over the whole thing, assumed it." There was no evidence to show that the witness had a pecuniary interest in the case, other than his interest as an heir at law. This witness had testified on the former trial, when his father, the plaintiff, was old and feeble and did not testify; and the testimony objected to on the last trial was that given on the former trial, and put in evidence by the plaintiff's administratrix. Under the Code, § 38-314, declaring that "The testimony of a witness since . . disqualified, . . given under oath on a former trial, upon sub-

stantially the same issue and between substantially the same parties, may be proved," this testimony was admissible. Compare *Banks* v. *Bradwell,* 140 *Ga.* 640, 642 (79 S. E. 572), where this court, when considering the fourth exception to what is now Code § 38-1603 (as to incompetency of a witness, not a party, to testify, if as a party he would be incompetent), this court said: "These rules are directed against temptation of a witness to perjure himself, and were not intended to affect testimony which might have been delivered on some former trial when the witness was not incompetent, and which would be admissible under other provisions of law." Nor did the witness's testimony contradict plaintiff's amended allegations. There is no merit in these grounds of the motion.

■ The movant complains of the refusal of the court to propound to the jury the following question requested in writing: "Was the purpose of Chandler in making the deed, purporting to be of bargain and sale, to sell the lands embraced in the deed to Burns, or merely to let him appear to be the owner of such lands, so as to enable him to obtain a loan thereon in his own name?" Movant's contention in this ground is that the "plaintiff was not introduced as a witness, and there was no evidence that plaintiff would have disclosed the secret agency if inquiry had been made by movant." Chandler was not alive at the time of the trial, which accounts for his not testifying. But his allegation that his deed to Burns was a trust deed only was supported by direct testimony, and this was corroborated by other facts shown in the case. There was no testimony that the allegation of the plaintiff was not true. It was not denied by Burns. The only evidence mentioned by the movant in this connection is a document put in evidence which reads as follows: "Commerce, Ga. Jan. 7th, 1922. Received of Isaac Chandler warranty deed to eight hundred sixty-seven and 20/100 acres of land, a redemption contract to be executed and delivered to him in accordance with loan contract obtained. [Signed] W. B. Burns." This evidence did not require the court to submit to the jury the question requested, nor was there other evidence that made the court's refusal erroneous.

■ In ground 20 the movant complains of the refusal of the court to submit to the jury the following question: "At the time of the execution by Burns of the security deed to Georgia Chem-

ical Works, was Chandler aware himself of the existence of any fraud on the part of Burns, which affected the validity of any of the deeds which Chandler executed to Burns?" Movant's contention is that since the warranty deed, absolute on its face, from Chandler to Burns, dated March 22, 1922, reaffirmed the fact and existence of two previous security deeds from Chandler to Burns conveying the same lands, it amounted to an acknowledgment at that time that the plaintiff owed Burns the amounts referred to in those security deeds; that Burns at that time, so far as the plaintiff was aware, had not been guilty of any fraud; and that there is little possibility that in the two days interval from March 22, to March 24, 1922, on which latter date Burns executed his security deed to the movant, the plaintiff made any discovery relative to the validity of the debts described in the previous security deeds. We see nothing in this line of reasoning that made it error for the court to refuse to submit this question to the jury. Movant calls attention to no evidence whatsoever tending to show that plaintiff knew, at the time Burns executed his security deed to movant, that Burns had been guilty of fraud; and we find no such evidence.

■ Grounds 15, 16, and 17 complain of the court's refusal of requests to give the following in charge: (a) "Under the admitted facts of the case, I charge you that the Georgia Chemical Works, as grantee in the security deed from W. B. Burns, would be entitled to recover from Isaac Chandler whatever sum due inquiry of Isaac Chandler made at the time of the execution of that deed would have disclosed was due by him to W. B. Burns." (b) "Whilst, from Chandler's possession of the land, it was the duty of the Georgia Chemical Works, at the time of taking the security deed from Burns, to make inquiry of Isaac Chandler of his right and title to the land and prosecute such inquiry with ordinary care and diligence, still, if such inquiry at that time would have disclosed that Chandler was indebted to Burns in the sum of $6,800, with interest at eight per cent. per annum from December 31, 1919, or any other sum, secured by deed from Chandler to Burns, then I charge you that the Georgia Chemical Works, standing in the shoes of Burns, would be entitled to recover from Chandler that indebtedness, whatever it might be." (c) "It is not the sum that Chandler really owed to Burns that controls recovery in this

case, if any, but the amount that Chandler then believed he owed to Burns and would have admitted to the Georgia Chemical Works that he so owed, if they had pursued the inquiry required by law." Movant's contention is that these charges should have been given, for the reason that "necessarily, if inquiry had been made of plaintiff by movant, plaintiff would not have disclosed any facts militating against the deed made by him." The movant through its officers and attorneys, while the plaintiff was still in possession of the lands, stipulated in detail the form of deed he should make to Burns, to whom it was going to lend money, and then took from Burns a security deed to these lands on the strength and faith of Burns' deed from plaintiff, without communicating directly with plaintiff. Under these circumstances, movant took its security deed subject to plaintiff's claim, whatever it be; and it would have been erroneous for the court to lift that burden from movant's shoulders by giving the charges here requested. To have given the charges requested would have excluded from consideration by the jury the allegations and evidence tending to show fraud or collusion on the part of the movant, which was an issue in the case.

■ In grounds 4 and 5 the movant complains of the exclusion from evidence of two letters written by one of the attorneys of record for the plaintiff to one of the attorneys of record for the movant, making certain admissions as to plaintiff's indebtedness, and offering a compromise settlement of the pending litigation. Under the Code, § 38-408, "admissions or propositions made with a view to a compromise are not proper evidence." We know of no decision of this court holding that an attorney can bind his client by oral or written declarations outside of the court-room, in general correspondence or conversation with opposing counsel, or that such correspondence is admissible as evidence, where it does not appear that the client knew of or authorized such a letter. The contrary seems to be true. Compare *Farrar* v. *Brackett*, 86 *Ga.* 463 (6) (12 S. E. 686), where it was held: "The declarations of an attorney made during the pendency of a case, out of the presence and hearing of his client, are not admissible to prove malice on the part of the client." And in *Cassels* v. *Usry*, 51 *Ga.* 621, it was held: "A letter written by the attorney of the plaintiff to the defendant is not competent evidence for the defendant, on the trial of the case, unless it is shown that it was written by author-

ity of the client." The court did not err in excluding from evidence the letters referred to in these grounds.

■ At the conclusion of the trial the court submitted certain questions to the jury to be answered "yes" or "no," except that the court directed the jury to answer the first question in the affirmative. These questions, and the answers thereto, are quoted in the statement of facts above. In grounds 2, 3, 7, 8, 10, 11, 12, 14, and 18 the movant charges that the answers returned by the jury to questions 2, 3, and 4, as above indicated, were not authorized by the evidence. The answers to the four questions constituted the jury's verdict, and the grounds here considered are in the nature of general grounds. It is unnecessary to set forth in this decision a more full statement of the evidence than that contained in the statement which precedes this opinion. This case was tried on substantially the same pleadings and the same state of facts as those contained in the record previously before this court (182 *Ga.* 419, supra). The witnesses were the same. In some instances their testimony is identical with that given on the former trial, and in no instance is there any material variation from the testimony given on the former trial. On that evidence this court reversed the trial court's direction of a verdict in favor of the defendant, the present plaintiff in error. In the opinion Mr. Justice Gilbert dwelt at length upon the facts then appearing, and concluded that those facts, together with the inferences reasonably deducible therefrom, would authorize a jury to find just what the jury on this last trial did find, including question No. 1, as to which the court directed the jury's answer. Therefore these grounds of the motion complaining of the sufficiency of the evidence to support the jury's findings of facts were properly overruled.

■ The remaining special grounds of the motion, 6, 9 and 13, complain that the court erred in directing the jury to return the answer "Yes" to the following question: "Did Isaac Chandler execute and deliver the deed of conveyance dated March 22, 1922, and set out as an exhibit to plaintiff's petition, to W. B. Burns in trust only for the purpose of enabling W. B. Burns to procure a loan for Isaac Chandler on said lands?" Plaintiff's petition so charged, and his son so testified. The evidence for plaintiff tended to show that he had paid to Burns, before that date, all his in-

debtedness on account of the original purchase of these lands by him from Burns, and that instead Burns was indebted to plaintiff; that Burns was insolvent; that the transaction was in keeping with Chandler's confidence and trust in Burns over a period of many years; that this warranty deed recited a consideration of $30,000, the exact amount which Burns, two days later, borrowed on the lands; and that the negotiations for this loan were begun before plaintiff's deed to Burns was executed. Burns made no denial of the allegation that Chandler executed the deed in trust only for the purpose stated. The facts demanded the answer to the question which the court directed.

What has been said disposes of all grounds of the motion for new trial adversely to the plaintiff in error.

*Judgment affirmed. All the Justices concur.*