### 23185. HODGES v. HODGES et al.

SUBMITTED NOVEMBER 9, 1965—DECIDED DECEMBER 8, 1965.

*Marvin O'Neal, Jr.,* for appellant.
*William B. Morgan,* for appellees.

GRICE, Justice. A petition seeking to establish an implied trust, and for other relief, was dismissed upon general demurrer and that ruling is here for review. The petition was filed in the Superior Court of DeKalb County by Margaret Josie Hodges against her son, Albert J. Hodges, and his wife, Alice R. Hodges. It charged that the defendants were committing a continuing trespass upon her property, holding title to the property in trust for her, and refusing to convey it to her.

The essential allegations of the mother's petition are those which follow.

In 1959 she "was about to inherit" two lots from the estate of a named person, and "at the time she was to have title vested in her to said lots" she was in prison.

At that time she had great trust and confidence in the son.

She filed in the court of ordinary a waiver of her interest in the said estate so that the son could take title to it and hold it for her convenience, she then being unable because of her incarceration to attend to business affairs. The son understood that title to the lots would be placed in his name from said estate for her convenience, as aforesaid.

But the son violated such trust, treated the lots as his own, sold them and appropriated the proceeds to his own use. In 1963 he used some of this money to pay for an interest in realty known as 2031 Shady Lane, in DeKalb County and placed title to a one-half interest in the defendant daughter-in-law. He and the daughter-in-law occupied such property as their home.

The mother does not know the amount of money the son received from the sale of the two lots above mentioned, but believes it was in excess of $20,000, and she does not know the amount he invested in the Shady Lane property. If such investment was less than the sale price for the two lots, she seeks an accounting for the surplus.

When the mother was released from prison she immediately entered the Shady Lane property and advised the son and daughter-in-law that the property was hers and that she wanted title placed in her name. At that time there was no dispute over this, and the son told the mother that he could deliver up the property to her and would convey the title to her.

But later the son and daughter-in-law repudiated their intention to convey title to her, and stated that the property was theirs and they intended to retain it. Notwithstanding this declaration, they moved from such property and left the mother in possession.

In April 1965, they returned and demanded that the mother vacate. She refused to do so. The son now sleeps on said property, and he and the daughter-in-law are continuously trespassing on the property by going thereon and occupying it at times.

They refuse to convey title to the property to the mother, who has no remedy at law.

The prayers, in addition to process, were (a) that the son and daughter-in-law be temporarily and permanently enjoined

from their continuing trespass upon the property; (b) that the title to it be decreed in the mother; (c) that an attorney's fee of stated amount be awarded her; (d) that an accounting be had of the son as to the money received from sale of the two lots; and (e) general relief.

1. This petition, as we assess it, alleges an implied trust and thus, upon proof, authorizes a decree of title in the mother to an interest in the Shady Lane property commensurable with the amount of trust proceeds invested therein.

Construed reasonably and as a whole, but most strongly against the pleader, the petition alleges that the mother, because of her incarceration, was unable to manage her interest in an estate, and therefore, executed a document waiving that interest in favor of her son, so that he could hold the title for her convenience.

The fact that a writing was involved did not, as contended, militate against an implied trust. While no copy was set forth, that writing was alleged to be "a waiver [filed] in the court of ordinary . . . of her interest in said estate so that her son could take title in her interest in said lots and hold them for her convenience. . ." We do not construe this to allege that such "waiver" was an agreement between her and the son for him to hold the property as trustee for her, so as to create an express trust under *Code* § 108-105. Rather, we construe it to allege a waiver, by the mother in favor of the son, of her inheritance and thus a writing which enabled the son to acquire legal title, so as to make possible an implied trust under *Code* §§ 108-104, 108-106, and 108-107. In this situation, the parol evidence rule of *Code* § 38-501 would not prevent the introduction of evidence to show the nature of the transaction, or the circumstances, or conduct of the parties, either to imply or rebut a trust, although the effect is to alter or vary a written instrument. *Code* § 108-108; *Jenkins v. Lane,* 154 Ga. 454 (3) (115 SE 126).

Furthermore, under a proper construction, the allegations show that when the mother executed the waiver she possessed an interest in the estate which she could waive in favor of her son. While the petition alleges at one place that she "was

about" to inherit such interest, it is clear from the entire allegations that she then had an interest in the lots. She later alleges that "at the time she was to have title vested in her to said lots," she was in prison and therefore filed the waiver so that her son could take such title and hold it for her convenience. It is also clear that the son recognized that he held such title for her benefit.

Our Code, by § 108-104, provides that ". . . Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties;" and by § 108-106, establishes that "Trusts are implied—1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another. . . 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest. . ." See also *Code* § 108-107.

That the allegations here come within the orbit of the above Codal provisions is manifest, we believe, from the many decisions of this court on this subject. See, in this connection, *Manning v. Manning*, 135 Ga. 597 (69 SE 1126) ; *Jenkins v. Georgia Investment Co.*, 149 Ga. 475 (1, 5) (100 SE 635) ; *Gillespie v. Gillespie*, 150 Ga. 106 (102 SE 824) ; *Weldon v. Weldon*, 152 Ga. 550 (2) (110 SE 273) ; *Hodges v. Hodges*, 213 Ga. 689 (100 SE2d 888).

The mother, as beneficiary of the alleged trust, may follow the proceeds realized from the sale of the trust property and invested in the Shady Lane property. *Code* § 108-424.

2. Since under the ruling made in Division 1, the mother alleged facts which, upon proof, would entitle her to a decree of title in the subsequently acquired property, we now consider her prayers for protection of that interest.

(a) The allegations to the effect that the son and daughter-in-law repeatedly return, go thereon and occupy the property are sufficient to allege the need for injunction against a continuing trespass. See *Durrence v. Groover*, 160 Ga. 680 (1) (129 SE 29) ; *Dekle v. McLeod*, 144 Ga. 289 (2) (case 2) (86 SE 1082).

(b) The allegations are also sufficient for the accounting

sought. The mother alleges that she does not know the exact amount received from the alleged trust property, but believes it was in excess of $20,000, and that she does not know the amount of such proceeds that the son invested in the Shady Lane property. These averments indicate that something is actually due the mother. See *Clements v. Hollingsworth*, 205 Ga. 153 (3) (52 SE2d 465).

(c) The remaining relief sought, award of an attorney's fee, is not authorized. No allegations are made to bring the facts here within any of the provisions of our Code which allow such fees.

Since under the allegations of the petition, the mother is entitled to some of the relief prayed, it was error to sustain the general demurrer, and therefore the judgment is

*Reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*