27858. HODGES v. HODGES et al.

ARGUED APRIL 10, 1973 — DECIDED MAY 10, 1973.

*James R. Venable,* for appellant.

*Richard A. Katz, J. Christopher Simpson,* for appellees.

NICHOLS, Justice. This is the third appearance of this case in this court. On the first appearance (*Hodges v. Hodges,* 221 Ga. 587 (146 SE2d 313)), a judgment sustaining a general demurrer to the complaint was reversed. On the second appearance, a judgment denying a motion for summary judgment by one of the defendants was affirmed. *Hodges v. Hodges,* 227 Ga. 353 (180 SE2d 724). The present appeal results from an adverse jury verdict and a denial of the plaintiff's motion for new trial on the usual general grounds only. Each enumeration of error makes the same contention, to-wit: That a verdict was demanded for the plaintiff and that the verdict for the defendant was not authorized.

Prior to the trial of the case the defendants, Alice R. Hodges and Albert J. Hodges, were divorced and, as part of an agreement between them, Alice R. Hodges conveyed her interest in the property sought to be impressed with a trust to Albert J. Hodges and by agreement she was dismissed as a party defendant.

On the first appearance of the case in this court it was held: "This petition, as we assess it, alleges an implied trust and thus, upon proof, authorizes a decree of title in the mother to an interest in the Shady Lane property commensurable with the amount of trust proceeds

invested therein." *Hodges v. Hodges,* 221 Ga. 587, 589, supra.

On the second appearance of the case in this court, it was held that an issue of fact was involved and a motion for summary judgment would not lie where an agreement between heirs of an estate as to a settlement of the property sought to be impressed with a trust was submitted in support of such motion and rebutted by the respondent submitting affidavits by the purported trustee and his brother that the property was taken in trust.

On the trial the plaintiff testified in her own behalf. Alice Hodges (now Strickland), who was no longer a party, testified for the defendant and the agreement between the heirs of the estate was introduced as documentary evidence. Neither the defendant, who signed the affidavit in opposition to the motion for summary judgment, nor his brother, who had previously filed a similar affidavit, was called to testify.

Assuming, but not deciding, that a verdict may have been authorized for the plaintiff, it cannot be said that such a verdict was demanded so as to require a reversal of the judgment of the trial court overruling her motion for new trial on the usual general grounds only.

*Judgment affirmed. All the Justices concur.*