## 30499. TAYLOR v. AETNA LIFE INSURANCE COMPANY et al.

NICHOLS, Chief Justice.

Deborah S. Taylor, the widow of Albert Monty Taylor, individually, as administratrix of his estate, as the next friend and as the guardian of their minor child, filed the present action to recover the proceeds of a life insurance policy issued on the life of Albert Monty Taylor. The defendants in the trial court were the life insurance company, the brother and the mother of the deceased. The life insurance company has paid the proceeds of the policy into the registry of the court and the sole issue remaining for determination is who is entitled to the proceeds of such policy. The deceased was covered under a group life insurance policy. Coverage began in 1966 at which time his mother was named as primary beneficiary. Thereafter, the plaintiff and Albert Monty Taylor were married and in August, 1967, their son, Bryan Neal Taylor, was born. On October 21, 1973 the plaintiff and the deceased separated and two days later, on October 23, 1973, a change of beneficiary form was executed by Albert Monty Taylor and filed with the insurance company, which named his brother, Clay Alan Taylor, as the sole beneficiary under such policy. On April 21, 1974, Albert Monty Taylor died as a result of shotgun wounds.

An amendment to the complaint alleged that the deceased "intended to have said insurance proceeds paid to Clay Alan Taylor for the use, education and benefit of his only child, Bryan Neal Taylor, and for no other reason or purpose," thus creating an implied trust of said insurance proceeds for the use and benefit of his minor son.

The answer and counterclaim of Clay Alan Taylor (brother of the deceased) and Edythe M. H. Taylor (mother of the deceased) allege that the proceeds of such policy

should be paid to Clay Alan Taylor, thus eliminating any claim by the mother of the deceased.

After depositions, interrogatories and request for admissions were filed, a motion for summary judgment was filed by the mother and brother of the deceased and granted by the trial court. The appeal is from this judgment and the sole enumeration of error complains that the trial court erred in granting such motion for summary judgment.

1. Code § 38-408 provides in part: " . . . propositions made with a view to a compromise, are not proper evidence." Accordingly, a letter written by an attorney who formerly represented the defendants and which specifically stated that it was written "to explore one possibility that my clients are interested in that could allow us to end all our disputes between the parties . . ." would not be admissible in evidence to show any waiver of the defendant to the proceeds of the life insurance policy involved in this action.

2. No contention is made that any agreement was entered into in writing that would create an express trust. Code § 108-105. Accordingly, since there was no evidence of a trust being created in writing, the sole question presented as to the creation of a trust is limited to an implied trust as provided for in Code § 108-106. This Code section provides: "Trusts are implied—1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest. 4. Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor, or testator, or his heirs."

A comparison of the facts shown in this record with cases exemplified by *Larson v. Larson,* 226 Ga. 209 (173 SE2d 700) (1970); *Beckwith v. Peterson,* 227 Ga. 403 (181 SE2d 51) (1971) requires a finding that no implied trust

was created. As was said in *Knight v. Wingate,* 205 Ga. 133, 139 (52 SE2d 604) (1949): "In the field of life insurance the law of this State recognizes the right of the insured to purchase with his own funds an insurance policy on his own life, to name a beneficiary to the proceeds of the policy payable at his death, and to reserve the right to change the beneficiary at any time during his life. In such a contract the beneficiary has no vested interest, but a mere expectancy, subject to be withdrawn by the insured at any time during his lifetime. *Farmers State Bank v. Kelley,* 155 Ga. 733 (3), 737 (118 SE 197); *Washburn v. Washburn,* 188 Ga. 468 (4 SE2d 35); *Bankers Health & Life Ins. Co. v. Crozier,* 192 Ga. 111, 113 (14 SE2d 717); *Brooks v. Northwestern Mutual Life Ins. Co.,* 193 Ga. 522 (18 SE2d 860). But when the insured dies without changing the beneficiary, the person named in the policy as beneficiary has a vested title to the proceeds. *Bennett v. Rosborough,* 155 Ga. 265 (116 SE 788); *Loyd v. Loyd,* 203 Ga. 775 (48 SE2d 365)."

No implied trust being shown under the facts of this case, the trial court did not err in granting the motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

Argued November 17, 1975 — Decided November 24, 1975.

*Flemister, Beasley, Baird & Slotin, Walter V. Beasley,* for appellant.

*Tommy T. Holland, Roy E. Barnes,* for appellees.