## 33269. AETNA LIFE INSURANCE COMPANY v. WEEKES et al.

HILL, Justice.

Aetna Life Insurance Co. filed this suit seeking equitable relief and naming as defendants the administrator of the estate of the deceased, the attorney for the deceased, and the widow. This appeal is from the trial court's order dismissing Aetna's complaint as to the attorney and the widow, denying injunctive relief, and

denying Aetna's prayer to set aside a probate court order as to year's support.

Aetna had insured the deceased under a group health insurance policy. Aetna alleges that prior to his death, the deceased obtained in excess of $15,000 on its group health policy through the submission of false claims. After being confronted by Aetna, the deceased executed in favor of his attorney an irrevocable designation of beneficiary for $21,000 of a life insurance policy then in force with a different insurance company. This designation empowered the attorney to make further changes of beneficiary but did not refer to Aetna by name or implication. The attorney contacted Aetna's agent to discuss possible settlement of any claims Aetna might assert against its insured and this resulted in correspondence between the attorney and Aetna's agent. The attorney wrote Aetna's agent, enclosing a copy of the signed change of beneficiary and a draft of a proposed settlement agreement between the deceased and Aetna. The unsigned release and settlement agreement proposed that Aetna's claim against the deceased be settled by the assignment of an unspecified portion of the life insurance policy to Aetna, provided the procedure for acceptance of the proposal by Aetna, and specified that the proposal would be revoked by the death of the second party (the deceased) prior to Aetna's acceptance. Death occurred within three weeks and before any further action was taken by either party.

Payment under the life insurance policy was made to the widow and to the attorney as designated beneficiaries. Pursuant to the widow's application for a year's support and without objection by the attorney, the probate court allocated " . . . $15,750.00 being the property of the estate of the decedent and being held by (the attorney) pursuant to contract between said attorney and decedent" as year's support. The attorney notified Aetna and prior to disbursement of these funds to the widow, Aetna filed this suit.

Aetna contends it has stated a claim to a portion of the life insurance proceeds paid the attorney under the irrevocable designation of beneficiary. Because the proposed agreement between Aetna and the deceased for

the assignment of those funds was never executed, Aetna's claim of beneficial interest must rest on a trust theory, or in the alternative, unjust enrichment.

1. Trusts are either express or implied. Code Ann. § 108-104. For a discussion of the kinds and classes of trusts, see 28 EGL, Trusts and Trustees, §§ 6-9. An express trust must be created or declared in writing. Code Ann. § 108-105; *Wilder v. Wilder,* 138 Ga. 573 (2) (75 SE 654) (1912); *Wheeler v. Wheeler,* 139 Ga. 604 (1) (77 SE 875) (1913). Because there was no written agreement between Aetna and the deceased or his attorney, and no written agreement by the deceased designating the attorney as trustee for the benefit of Aetna, the questions presented as to creation of a trust are limited to implied trust theories. *Taylor v. Aetna Life Ins. Co.,* 235 Ga. 630 (2) (221 SE2d 45) (1975).

Aetna argues that the designation of beneficiary, construed in light of correspondence with the deceased's attorney, is sufficient to raise an issue as to an implied trust. Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties (Code Ann. § 108-104), and are either resulting or constructive. *Loggins v. Daves,* 201 Ga. 628 (3) (40 SE2d 520) (1946); *Hancock v. Hancock,* 205 Ga. 684, 689-690 (54 SE2d 385) (1949); Code Ann. § 108-106. "In an implied *resulting* trust the *intention of the parties* is an essential element, although no valid agreement setting up such an intention is shown, but such mutual intent is implied only from proven facts and circumstances." *Loggins v. Daves,* supra, at 628. (Italics revised.)

The change of beneficiary construed with the correspondence and the proposed agreement indicates only an intention that the attorney had authority to designate Aetna as beneficiary if a settlement were reached. No agreement had been reached as to the amount of the settlement. See *Russell v. City of Atlanta,* 103 Ga. App. 365 (119 SE2d 143) (1961). These writings indicate an intent to negotiate a settlement to be evidenced by a written release by Aetna of the deceased's alleged liability to it. See *Malone Const. Co. v. Westbrook,* 127 Ga. App. 709 (194 SE2d 619) (1972); 17 CJS 695, Contracts, § 49; 17 AmJur2d 363, Contracts, § 28. Moreover, as shown

by the terms of the proposed agreement, the death of the insured terminated the offer of compromise.

The intent associated with the making of an offer of compromise generally is to obtain a release from liability, and an unaccepted offer to enter into a written settlement by payment of an unspecified amount, without more, does not show the necessary intent to create an implied trust pending acceptance of the offer even where the settlement is to be paid from a specified fund. Cf. *Taylor v. Aetna Life Ins. Co.,* supra; *Ga. Chemical Works v. Malcolm,* 186 Ga. 275, 286 (197 SE 763) (1938).

We also conclude that Aetna has failed to establish a claim based on a constructive trust theory. A constructive trust arises not from the intent of the parties, but by equity with respect to property acquired by fraud, or although acquired without fraud where it is against equity that the property should be retained by the one who holds it. *Loggins v. Daves,* supra; *Hodges v. Hodges,* 213 Ga. 689 (100 SE2d 888) (1957); *Bateman v. Patterson,* 212 Ga. 284 (2) (92 SE2d 8) (1956); *Mitchell v. Mitchell,* 201 Ga. 621 (40 SE2d 738) (1946); Code Ann. §§ 108-106, 108-107.

Aetna does not contend that the life insurance policy was acquired by or infected with the alleged fraud of the deceased. See *Larson v. Larson,* 226 Ga. 209, 211 (173 SE2d 700) (1970); Code Ann. § 108-425. Rather Aetna asserts that it has shown the existence of a constructive trust by virtue of the alleged fraud of the deceased in obtaining health insurance benefits and the corrective, albeit unaccepted, steps undertaken by the deceased and his attorney to settle the fraud claim. The making of an offer of compromise followed by death does not amount to fraud. So, in essence, Aetna is arguing that where a defrauded creditor is considering a proposed settlement of the fraud claim at the time of death of the offeror, a trust exists in favor of the creditor as to sums set aside to fund the settlement (even though the creditor is not bound by the proposed settlement), and the creditor has priority over the widow's right to year's support. No case so holding has been cited or found and we decline to so rule because, among other reasons, such ruling would unduly burden the making of offers of compromise in fraud cases.

In *Bennett v. Rosborough,* 155 Ga. 265 (116 SE 788) (1922), the deceased by letter to his wife unconditionally requested that she pay certain of his specified debts from life insurance policies in which she was named beneficiary. The creditor's claim was not allowed by a majority of the court as a constructive trust even though it was alleged that a large portion of the money paid as insurance premiums had been stolen by the deceased from the creditor.

We conclude that an unaccepted offer made by a fraud-feasor to enter into a written settlement of an unspecified amount, without more, does not give rise to an implied trust, resulting or constructive, pending acceptance of the offer even where the settlement is to be paid from a specified fund.

2. The above rationale precludes Aetna's claim based upon unjust enrichment. While there may be an issue that the deceased, prior to his death, was unjustly enriched at the expense of Aetna, it cannot be said that the payment of life insurance proceeds following his death enriched the attorney or the widow at the expense of Aetna. Compare *Minor v. Ozier,* 84 Ga. 476 (10 SE 1088) (1889); *Whitehurst v. Mason,* 140 Ga. 148 (3) (78 SE 938) (1913).

3. It follows that the trial court did not err in denying Aetna's prayer to set aside the probate court order as to year's support.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 14, 1978 — DECIDED APRIL 4, 1978.

*Carter, Ansley, Smith & McLendon, Tommy T. Holland,* for appellant.

*Carlisle & Boortz, William R. Carlisle, Neal A. Boortz, John Wesley Weekes,* for appellees.