## 41575. FOWLER v. MONTGOMERY.
(326 SE2d 765)

PER CURIAM.

Appellant, Judy Fowler, appeals from a jury verdict in which a 230-acre tract of land that was deeded to her by her mother was impressed with a trust. The jury awarded a one-third undivided interest in the property to her brother, appellee Emory Montgomery. We reverse.

Mrs. Irene Montgomery was a widow with three children. Prior to her death, she owned and operated a store in Auburn, Georgia. The store was the family's source of income and home. She also owned a 6.97-acre lot and two parcels of land totaling 230 acres. In June 1968 she executed a will in which she left her entire estate to her three children. Appellant was named trustee, executrix, and guardian under the will. The will provided that her estate was to be divided equally between the children when the youngest, Timothy, attained the age of twenty-one.

Two months later Mrs. Montgomery executed two warranty deeds in which she conveyed the 230 acres to appellant. Appellant testified that she and her mother had not talked about the deeds before they were delivered. The first discussion concerning the property or the deeds occurred at the store. Appellant testified that her mother said, "Give me $10.00. I've got something for you." Appellant gave her mother the money. Her mother handed her an envelope containing two deeds saying, "This is yours. You can do what you want to do with it, but don't let nobody take it away from you." Appellant testified that her mother did not tell her that she was supposed to hold the property in trust for her younger brothers. It was her understanding that the property was hers alone.

There was no evidence that appellant in any way encouraged or influenced her mother to execute the deeds. The man who drafted the will and the deeds testified that he explained to Mrs. Montgomery, and she was aware, that the deeds gave absolute ownership to appellant. He testified that Mrs. Montgomery did not seem to be under any coercion or duress at the time she asked him to prepare the deeds or when they were signed. He stated that he did not discuss the deeds or the property with appellant prior to delivery. There was no evidence that appellant had any knowledge of the deeds until they were delivered.

Timothy Montgomery testified that appellant had told him that she had complete authority to do with the property as she wished, and that it was not his understanding that the property was to be divided when he was twenty-one.

Appellant's husband testified that he talked with Mrs. Montgomery close to the time of her death and that she was concerned about

her two young sons. He testified that she asked him to provide for them and to treat them like his own. He testified that she said that she wanted appellant to have the property.

The evidence appellee presented to show a trust intent on the part of Mrs. Montgomery came from witnesses who testified regarding conversations after the delivery of the deeds. An aunt and uncle testified. The aunt said she asked Mrs. Montgomery why she deeded the property to appellant and Mrs. Montgomery answered that she had done it "for tax purposes, and for Judy to get her hands on some quick money if she needed it." What was left was "to be equally divided amongst the three." The uncle testified that he had a later conversation with Mrs. Montgomery and she told him the same thing she had told his wife.

Appellee testified that he and appellant discussed the arrangements their mother had made soon after her death. He understood that their mother had made a will leaving "everything to Judy in fee simple, and then, based upon whoever's advice, she had deeded it out in the event that Tim and I became sick, or so it would be free and clear of the estate in the event that she didn't have enough money for medical bills; if Judy or Ray became sick; anything of that nature. And she wanted it — you know, she wanted Judy to have it free and clear so that she could use it without it being tied up in the event of any emergency."

Mrs. Montgomery died almost a year after she delivered the deeds to appellant. After Mrs. Montgomery's death, appellant and her husband assumed full responsibility for her brothers who were then 9 and 12 years old.

1. Appellant contends that a warranty deed regular on its face and given for valuable consideration cannot be engrafted with an express trust by parol evidence. We agree.

An express trust is one which is created and manifested by agreement of the parties. OCGA § 53-12-22. Appellee sought to establish an agreement between appellant and their mother, and thus an express trust, by parol. An express trust may not be impressed by parol upon a deed. See *Jones v. Jones*, 196 Ga. 492 (26 SE2d 602) (1943). All express trusts must be created or declared in writing. OCGA § 53-12-23. Appellee offered no writing. Promises do not, unless they are written, become express trusts, " 'but the law, acting upon them according to their nature, makes them a basis upon which to build up in favor of the defrauded party an implied or constructive trust.' For proof of such implied trusts, resort may be had to parol evidence. [Cit.]" *Jenkins v. Lane*, 154 Ga. 454, 477 (115 SE 126) (1922).

2. Appellant contends as her second enumeration of error that a warranty deed regular on its face and given for valuable consideration cannot be impressed with an implied trust where there are no facts or

circumstances existing at the time of the execution of the deed upon which to imply a trust. We agree.

There was nothing existing at the time of the execution of the deeds that would allow a trust to be impresssed in this case. See OCGA § 53-12-26; *Cassels v. Finn*, 122 Ga. 33 (49 SE 749) (1904).

Given our decisions in Divisions 1 and 2 above, it is not necessary to consider appellant's third enumeration of error.

We thus conclude that the trial court erred in overruling appellant's motion for a directed verdict.

*Judgment reversed. All the Justices concur, except Weltner, J., who dissents.*

WELTNER, Justice, dissenting.

The jury's verdict established an implied trust against an adult sister in favor of her younger brothers, ages nine and twelve, in lands which were formerly owned by their mother.

1. The decedent, Mrs. Montgomery, created by will a trust for the benefit of all three of her children — the two minor sons and Mrs. Fowler, her adult daughter. The will provided that the remainder of her estate, which included the farm in question, would be divided equally among the beneficiaries when the youngest child reached twenty-one years of age. During her life, Mrs. Montgomery continually expressed concern about the boys, seeking assurance that Mrs. Fowler would provide for them. On several other occasions, she expressed her desire that the farm be divided equally among her three children.

After the mother's death, Mrs. Fowler and the two boys lived on the farm, where she saw to their care and support, and stated that each of the boys had a one-third interest in the farm.

*Mrs. Fowler, as executrix and trustee, paid from the estate the sum of $4,000 for ad valorem taxes on the farm — the sum thus paid being deducted from funds in which each of the boys had a one-third interest.*

The three children continued this arrangement until a family argument arose, whereupon Mrs. Fowler claimed the farm in its entirety, to the exclusion of her young brothers.

Based upon this evidence, the jury found a constructive trust in favor of the boys.

2. To set aside that verdict is contrary to my understanding of our responsibilities. "It was not the proper function of the trial court in passing upon the motion, nor is it this court's function on appeal, to decide whether or not the evidence of such an agreement is 'clear and convincing' as this determination is for the jury. The parties are entitled to introduce, and the jury is entitled to consider, as tending to prove the intention of the parties, evidence relating to the nature

and circumstances of the transactions and the conduct and declarations of the parties. These principles are well rooted in our jurisprudence. [Cits.] Respected legal commentators agree with these views. [Cits.]" *Epps v. Wood*, 243 Ga. 835, 839 (2) (257 SE2d 259) (1979), as quoted in *Conner v. Conner*, 250 Ga. 27, 28 (295 SE2d 739) (1982).

The jury's verdict being based upon a sufficiency of evidence, it should not be disturbed.

Accordingly, I dissent.

DECIDED MARCH 15, 1985.

*Russell, McWhorter & Adamson, T. Penn McWhorter, John E. Stell, Jr.,* for appellant.

*N. David Wages,* for appellee.